**M.L. COMPTON, Jr. et al., Appellants,**

v.

**WWV ENTERPRISES et al., Appellees.**

**No. 11–84–161–CV.**

Court of Appeals of Texas,
Eastland.

Sept. 20, 1984.

Beverly Tarpley, Scarborough, Black, Tarpley & Scarborough, Abilene, William K. Rutledge, Rutledge & Rutledge, Abilene, for appellants.

Rod E. Wetsel, Nunn, Griggs & Wetsel, Lance Hall, Sweetwater, for appellees.

DICKENSON, Justice.

The controlling question before us is whether three affidavits of heirship were properly admitted into evidence. The affidavits were tendered under Rule 803 of the Texas Rules of Evidence.[1] There were timely objections, and since there is no showing of the declarants' unavailability, the affidavits were not admissible under Rule 804. Since we hold that the affidavits are not admissible under Rule 803, the judgment of the trial court must be reversed.

Plaintiffs[2] and Intervenors[3] sued M.L. Compton, Jr. (owner of the surface and part of the oil and gas rights in a 640 acre tract of land), Wes-Tex Drilling Company (owner of certain oil and gas rights pursuant to oil, gas and mineral leases from Compton and others), and Sun Production Company (purchaser of oil and gas produced from the 640 acre tract of land). Plaintiffs and intervenors sought to recover title to an undivided one thirty-second ($\frac{1}{32}$) interest in the oil and gas, their proportionate part of the proceeds from past production of oil and gas, attorney's fees and prejudgment interest. Following a nonjury trial, judgment was rendered in favor of plaintiffs and intervenors granting them title to and possession of an undivided one thirty-second ($\frac{1}{32}$) interest in the oil and gas under the 640 acre tract plus attorney's fees.[4] Defendants appeal. We reverse and remand.

Defendant Compton has briefed five points of error, and Defendant Wes-Tex has briefed four points of error. We sustain Compton's points 1 and 2, and Wes-Tex's points 1 and 2, which assert that the trial court erred: (1) in holding that plaintiffs and intervenors had connected themselves with record title; and (2) in admitting the three affidavits into evidence. These points are dispositive, and we need not discuss the others.[5]

The record shows that a warranty deed was executed on June 24, 1919, from N.A.

---

1. All references to Rules refer to the Texas Rules of Evidence which became effective September 1, 1983.

2. WWV Enterprises, Inc. and WWV Enterprises, a partnership composed of Wayne Wilson, Jay R. Waddell and John C. Van Dever, own oil and gas leases from three of the Intervenors.

3. Marylee Hyde, Molly Hyde Blakeman, John S. Hyde, Oliver Franklin Warren, Bernice L. Erickson, Alta I. Bockey, and Clifton V. Landmark claim to be all of the heirs at law of M.W. Myers, Deceased. Bernice L. Erickson, Alta I. Bockey and Clifton V. Landmark have executed leases in favor of WWV Enterprises. The other Intervenors' interests are not leased.

4. The counterclaim of Wes-Tex Drilling Company for costs of exploration, development, improvement and operation of the lease, and the claims for proceeds of past production were severed and docketed as a separate cause.

5. It would be dicta for us to pass upon the dispute as to whether the 1919 deed conveyed $\frac{1}{32}$, or only $\frac{1}{256}$, of the oil and gas rights in view of our holding that the proof is not sufficient (from the record before us at this time) to connect the intervenors and plaintiffs to the grantee in that deed.

Stepp to "M.W. Myers of Inyo County, California" which conveyed:

(A)n undivided One-Two Hundred Fifty Sixth (1/256) interest in and to all of the oil and gas in and under that certain tract of land situated in Nolan County, State of Texas, containing 640 acres of land and described as follows, to-wit: All of Section No. 49 in Block 1A, H. & T.C. Ry. Co. Survey It being the intention of this instrument to convey 1/2 one-half of the oil and gas rights in forty acres undivided out of this section.

Intervenors claim to be all of the heirs at law of M.W. Myers, Deceased. Plaintiffs have oil and gas leases from some, but not all, of the intervenors. All of these claimants' proof of title depends upon the three disputed affidavits of heirship. When these affidavits were offered, both defendants objected on the ground they are hearsay. The attorneys for plaintiffs and intervenors urged the admissibility of these affidavits under Rule 803(14 and 15) and Rule 902(4). No attempt was made to offer the affidavits of heirship under Rule 804(b)(3).

Before discussing the applicable rules, we note that two of the affidavits were prepared after this lawsuit was filed, and the other affidavit was prepared less than one year before the lawsuit was filed. Two of the affidavits discuss "the family history of Martin W. Myers." They state that he was born in Iowa in 1875 and that he died on May 21, 1966, in Lone Pine, California. One of these affidavits states that he "owned real property in Nolan County, Texas," and the other affidavit says that he "owned real estate in the State of Texas." Both affidavits indicate that he outlived his parents, his wife (the only beneficiary under his will) and all seven of his brothers and sisters, leaving as his heirs: (1) Bernice Bockey Erickson, a niece; (2) Alta I. Bockey, a niece; (3) Clifton V. Landmark, a nephew; and (4) Gladys Landmark Hyde, a niece. The other affidavit discusses the "family history of Gladys Landmark Hyde," stating that she died intestate in 1967 in Paramount, California, and that she "owned real property in Nolan County,

Texas." This affidavit indicates that her heirs at law were her husband, John Hyde, and her three children; Marylee Hyde, Molly Hyde Blakeman, and Oliver Franklin Warren.

■ We hold that these affidavits of heirship would have been admissible under Rule 804(b)(3) if there had been a showing that each declarant was "unavailable as a witness," as that term is defined in the Rule. Rule 804(b) provides for three hearsay exceptions, one of which is:

(3) *Statement of personal or family history.* (A) A statement concerning the declarant's own birth, adoption, marriage, divorce, legitimacy, relationship by blood, adoption, or marriage, ancestry, or other similar fact of personal or family history, even though declarant had no means of acquiring personal knowledge of the matter stated; or (B) a statement concerning the foregoing matters, and death also, of another person, if the declarant was related to the other by blood, adoption, or marriage or was so intimately associated with the other's family as to be likely to have accurate information concerning the matter declared.

■ Since the new Rules of Evidence specifically provide for the admission of statements such as the affidavits of heirship in this case "if the declarant is unavailable as a witness," we hold that Rule 804 is the applicable rule. Such affidavits are therefore not within the scope of Rule 803 which sets forth the hearsay exceptions where the availability of the declarant is immaterial. The two exceptions under Rule 803 upon which plaintiffs and intervenors rely read as follows:

(14) *Records of documents affecting an interest in property.* The record of a document purporting to establish or affect an interest in property, as proof of the content of the original recorded document and its execution and delivery by each person by whom it purports to have been executed, if the record is a record of a public office and an applicable statute authorizes the recording of documents of that kind in that office.

(15) *Statements in documents affecting an interest in property.* A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document.

Hearsay exceptions 14 and 15 under Rule 803 must therefore be construed to relate to recitals or statements made in deeds, leases, mortgages and other such "documents affecting an interest in property" and not to affidavits of heirship which more properly fall within the hearsay exception stated under Rule 804(b)(3).

■ The other Rule cited by appellants and intervenors is Rule 902(4). That Rule relates to "extrinsic evidence of authenticity," and it should not be construed so as to eliminate the requirement of unavailability of a declarant under Rule 804 by the mere act of filing an affidavit in the public records and securing a certified copy from the custodian. Even though the certified copies of the affidavits are self-authenticated, they do not fall within the hearsay exceptions under Rule 803(14 and 15) as discussed above. They are not admissible under TEX.PROBATE CODE sec. 52 (Vernon 1980) because they have not been "of record for five years or more in the deed records ... at the time the suit is instituted."

This Court has the discretion to remand for new trial "in the interest of justice" rather than rendering judgment that plaintiffs and intervenors take nothing. See *Morrow v. Shotwell*, 477 S.W.2d 538 (Tex. 1972). The declarants who made the inadmissible affidavits can then testify in person or by deposition as to their family history under Rule 803(19). If proof is made of the declarants' unavailability under Rule 804(a), their affidavits would be admissible under Rule 804(b)(3).

The judgment of the trial court is reversed, and the cause is remanded.