**AFFIRM; Opinion Filed November 5, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01590-CV

**GELEATHA MASON, Appellant**
**V.**
**WELLS FARGO BANK, N.A., Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-12-04876-D**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Myers

Geleatha Mason appeals the trial court's judgment awarding damages of $8800 and possession of real property to Wells Fargo Bank, N.A. in its suit for forcible detainer. Appellant brings three issues contending the trial court erred by: (1) overruling appellant's hearsay within hearsay objections to two of appellee's exhibits; (2) granting judgment awarding damages to appellee because there is no evidence or insufficient evidence to support the award; and (3) awarding possession of the property because there was no evidence appellant was appellee's tenant or tenant at sufferance. Appellee also requests that we increase the amount of the appeal bond from $1100 monthly to the "current fair-market-rental-value" for the property. We affirm the trial court's judgment.

## BACKGROUND

In 2009, a deed of trust was placed on the property to secure payment of a note. In 2011, appellant leased the house on the property from Ameridream Educational Concepts, LLC, under a one-year term expiring July 31, 2012 with rent of $1100 payable to the landlord on the first day of each month. When the note secured by the deed of trust went into default, the property was posted for foreclosure, and appellee purchased the property in a foreclosure sale on December 6, 2011. Following the foreclosure, appellee notified appellant of the foreclosure, demanded appellant vacate the premises within three days, or send appellee any lease under which appellant was occupying the premises. Appellant did not respond in writing to the letter and did not vacate the premises. Appellant did not pay any rent after the foreclosure.

In May 2012, appellee brought suit for forcible detainer asserting a right to possession of the property by purchasing it at the foreclosure sale. On June 22, 2012, the trial court ordered appellee take nothing and determined that appellant was a bona fide tenant under the Protecting Tenants at Foreclosure Act[1] (PTFA) and entitled to keep possession of the property until July 31, 2012. On June 25, 2012, appellee sent appellant a letter demanding she bring her rent current by paying $6600 or suit would be filed. The letter also stated it was a demand to vacate and a demand for possession of the property. On July 12, 2012, appellee filed a second petition for forcible detainer and for rent against appellant alleging appellant was appellee's tenant under a lease and failed to pay rent from January to July 2012. At the trial of the case, appellant testified she did not pay any rent from January to July because she did not know whom to pay and because she had made improvements to the property for which she wanted compensation. The trial court awarded appellee possession of the property and damages of $8800 for unpaid rent.

---

[1] Pub. L. No. 111–22, §§ 701, 702, 123 Stat. 1632, 1660–61 (2009); 12 U.S.C. § 5220 note.

The court also required appellant to pay $1100 on the first day of each month during the pendency of any appeal as an appeal bond.

## FORCIBLE DETAINER

A forcible detainer action is a procedure to determine the right to immediate possession of real property where there was no unlawful entry. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title. *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (1936); *Rice*, 51 S.W.3d at 709. To maintain simplicity, the applicable rule of procedure provides that "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746. Accordingly, the only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Rice*, 51 S.W.3d at 709. Whether a sale of property under a deed of trust is invalid may not be determined in a forcible detainer action but must be brought in a separate suit. *Scott*, 90 S.W.2d at 818; *Rice*, 51 S.W.3d at 710 (quoting *Scott*).

The Texas Property Code sets forth the cause of action for forcible detainer:

(a) A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:

(1) is a tenant or a subtenant willfully and without force holding over after the termination of the tenant's right of possession . . . .

(b) The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005.

TEX. PROP. CODE ANN. § 24.002 (West 2000).

## HEARSAY OBJECTIONS

In her first issue, appellant contends the trial court erred by overruling her hearsay objections to the trustee's deed, an affidavit attached to the trustee's deed, and to appellee's June 25, 2012 letter demanding appellant pay the rent that was due and vacate the premises. We

review a trial court's decision to admit or exclude evidence for an abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005); *Medicus, Inc. v. Todd*, 400 S.W.3d 670, 681 (Tex. App.—Dallas 2013, no pet.). Under an abuse of discretion standard, we are not free to substitute our judgment for the trial court's judgment. *Bowie Mem. Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding principles. *Downer v. Aquamarine Operators*, 701 S.W.2d 238, 241–42 (Tex. 1985).

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). The "hearsay rule" excludes the admission of hearsay. EVID. 802. However, the rules of evidence also provide that many types of hearsay are not excluded by the hearsay rule. *See* EVID. 803, 804. A statement that is hearsay may contain additional hearsay within it, i.e., hearsay within hearsay. "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." EVID. 805. The rules of evidence contain an exception from the hearsay rule for statements in documents affecting an interest in property. EVID. 803(15).

Appellant asserts in his brief that his objections to the exhibits were to appellee's offering evidence of the current substitute trustee, the beneficiary under the deed of trust, the servicing agent related to the deed of trust, the default in payment of the note secured by the deed of trust, and of the foreclosure sale pursuant to the deed of trust.

Appellant first objected to plaintiff's exhibit 1, the trustee's deed transferring the property to appellee. Appellant "stipulate[d] that this [the trustee's deed to appellee] is a nonrecourse, nonwarranty conveyance from the individual and whatever it—her capacity is, if it's proven other than individual to the grantee, which is Wells Fargo." Appellant objected to the remainder

of the deed, which consisted of recitals describing the existence of the note and deed of trust, the default on the note and deed of trust, the appointment of the substitute trustee, the acceleration of the note and notice thereof, notice of the trustee's sale, and the sale of the property to appellee at public auction at the courthouse. Appellant also objected to the "Affidavit of Mortgage Servicer" attached to the deed. The trial court overruled appellant's objections and admitted the trustee's deed and affidavit of mortgage servicer.

Appellant also objected to many of the statements in plaintiff's exhibit 3, the notice to vacate sent to appellant on June 25, 2012. Appellant stipulated that the document was a notice to vacate meeting the requirements under the property code and was received by appellant, but she objected to the remaining statements in the notice as hearsay. Those remaining statements included that appellant agreed to pay rent of $1100 every month on the first day of the month, that appellant had failed to pay rent due for January 2012 to June 2012, and that the letter was an attempt to collect a debt. The trial court overruled the objections and admitted the letter.

### Deed

We first consider whether the recitals in the trustee's deed were hearsay subject to exclusion under the hearsay rule. Rule of evidence 803(15) provides,

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness: . . .
>
> **(15) Statements in Documents Affecting an Interest in Property.** A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or purpose of the document.

It is undisputed that the trustee's deed was "a document purporting to establish or affect an interest in property." The issue is whether the recitals appellant objected to were "relevant to the purpose of the document."

Texas Rule of Evidence 803(15) was adopted from the federal version of the rule. *Madden v. State*, 799 S.W.2d 683, 698 (Tex. Crim. App. 1990); *Tri-Steel Structures v. Baptist Found.*, 166 S.W.3d 443, 449 (Tex. App.—Fort Worth 2005, pet. denied) (quoting *Madden*). The advisory committee's note concerning rule 803(15) stated,

> **Note to Paragraph (15).** Dispositive documents often contain recitals of fact. Thus a deed purporting to have been executed by an attorney in fact may recite the existence of the power of attorney, or a deed may recite that the grantors are all the heirs of the last record owner. Under the rule, these recitals are exempted from the hearsay rule. The circumstances under which dispositive documents are executed and the requirement that the recital be germane to the purpose of the document are believed to be adequate guarantees of trustworthiness, particularly in view of the nonapplicability of the rule if dealings with the property have been inconsistent with the document. The age of the document is of no significance, though in practical application the document will most often be an ancient one. See Uniform Rule 63(29), Comment.

FED. R. EVID. 803(15) advisory committee's note; *see also Compton v. WWV Enters.*, 679 S.W.2d 668, 671 (Tex. App.—Eastland 1984, no writ) (hearsay exceptions 803(14) and (15) "must therefore be construed to relate to recitals or statements made in deeds, leases, mortgages and other such 'documents affecting an interest in property'"). The advisory committee's note demonstrates that recitals in deeds are excluded from the hearsay rule when they are "germane to the purpose of the document." *Id.* In this case, the purpose of the trustee's deed was to transfer the property to appellee following a foreclosure sale. The recitals in the trustee's deed set forth the facts on which the foreclosure sale was based and are germane to the deed's purpose. Nothing about the subsequent dealings with the property is inconsistent with the truth of the recitals or the purpose of the deed. We conclude that under rule 803(15), the recitals are "relevant to the purpose of the document" and are not excluded by the hearsay rule. Accordingly, the trial court did not abuse its discretion by overruling appellant's hearsay within hearsay objection to the deed and by admitting the deed into evidence.

–6–

**Remaining Documents**

It is not necessary for us to determine whether the trial court erred by overruling appellant's objections to the affidavit attached to the deed and the June 25, 2012 notice to vacate, because, even if the trial court erred, any error was not reversible. The rules of appellate procedure provide, "No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment . . . ." TEX. R. APP. P. 44.1(a)(1). The erroneous admission of evidence is harmless if it is merely cumulative. *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004). Even if the objected-to evidence was not cumulative, we do not reverse unless the complaining party demonstrates that the judgment "turns on" the objectionable evidence, that is, we do not reverse unless the evidence was crucial to a key issue. *Id.*; *Olivares v. Mares*, 390 S.W.3d 608, 616 (Tex. App.—Dallas 2012, no pet.). All the information in the notice to vacate and most of the information in the affidavit of the mortgage servicer about which appellant complains on appeal was cumulative of information in the recitals of the trustee's deed, the lease, and appellant's testimony. The only information in the mortgage servicer's affidavit about which appellant complains on appeal that was not cumulative of this evidence was the evidence identifying the servicing agent, which was either appellee or appellee's attorneys. Appellant does not explain, and we do not perceive, how this evidence was crucial to a key issue in the case.

We conclude that even if the trial court erred by admitting the affidavit of mortgage servicer and the June 25, 2012 notice to vacate, that error was not reversible. We overrule appellant's first issue.

## SUFFICIENCY OF THE EVIDENCE

In her second and third issues, appellant contends the trial court erred by granting judgment to appellee because there was no evidence or insufficient evidence that appellee was appellant's landlord or the owner of the rents payable.

When reviewing the legal sufficiency of the evidence, we consider all the evidence before the jury, crediting evidence in support of the verdict if reasonable jurors could, and disregarding evidence contrary to the verdict unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 823, 827 (Tex. 2005); *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 842 (Tex. App.—Dallas 2011, no pet.). If there is more than a scintilla of evidence to support the finding, the evidence is legally sufficient. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). If the evidence furnishes a reasonable basis for differing conclusions by reasonable minds as to the existence of a vital fact, then there is legally sufficient evidence, more than a scintilla, to support the fact. *Id.* When reviewing the factual sufficiency of the evidence, we examine all the evidence and set aside a finding only if it is so contrary to the evidence as to be clearly wrong and unjust. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998); *Cameron v. Cameron*, 158 S.W.3d 680, 683 (Tex. App.—Dallas 2005, pet. denied). In conducting our review of both the legal and factual sufficiency of the evidence, we are mindful that the jury, as fact finder, was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *City of Keller*, 168 S.W.3d at 819; *Hinkle v. Hinkle*, 223 S.W.3d 773, 782 (Tex. App.—Dallas 2007, no pet.). We may not substitute our judgment for the

fact finder's, even if we would reach a different answer on the evidence. *See Maritime Overseas Corp.*, 971 S.W.2d at 407; *Hinkle*, 223 S.W.3d at 782.

Appellant's second issue appears to concern the trial court's judgment awarding appellee damages against appellant for unpaid rent. Appellant argues the evidence is insufficient to show appellee was appellant's landlord and entitled to receive the rent due under the lease because there is no evidence that Ameridream Educational Concepts, LLC, the landlord identified in the lease, conveyed the lease or the rents payable to appellee.

Under Texas law, foreclosure of a superior lien extinguishes all inferior interests in the property. *See Kothari v. Oyervidez*, 373 S.W.3d 801, 807 (Tex. App.—Houston [1st Dist.] pet. denied). Thus, when a lien on property is foreclosed, and there is a lease on the property, and the lien is superior to the lease, the foreclosure of the lien terminates the lease. *ICM Mortg. Corp. v. Jacob*, 902 S.W.2d 527, 530 (Tex. App.—El Paso 1994, writ denied). Any rent due after the tenant receives notice of the foreclosure must be paid to the foreclosure-sale purchaser. *See* PROP. § 24.005(b) (West Supp. 2013). However, if the tenant is a bona fide tenant under the PTFA, then the purchaser at the foreclosure sale takes the property subject to the tenant's rights under the lease. PTFA § 702(a)(2)(A).

In this case, the trustee's deed and the deed of trust showed the lien was imposed in 2009. Appellant's lease showed the term of the lease began August 1, 2011. Thus, the deed of trust lien was superior to the lease. The recitals in the trustee's deed showed the mortgagor in the 2009 deed of trust defaulted on the note and the substitute trustee foreclosed the deed of trust, selling the property at public auction to appellee. Therefore, under Texas law, Ameridream's inferior interest in the property was extinguished, and appellee succeeded to all rights over the property, including the right to receive any rent due under the lease after it gave appellant notice of the foreclosure sale. *See* TEX. PROP. CODE ANN. § 24.005(b). Under the PTFA, appellee took

–9–

the property subject to appellant's rights under the lease. The lease gave appellant the right to possess the property through July 31, 2012 if appellant made monthly rent payments of $1100 to the landlord, which became appellee after the foreclosure sale terminated all other interests in the property. *See* TEX. PROP. CODE ANN. § 24.005(b) (purchaser at foreclosure sale entitled to rent paid after giving notice to tenant of foreclosure sale).

Appellant argues, "The PTFA does not create a private right of action," citing *Fannie Mae v. Lemere*, No. CIV S-10-1474 MCE GGH PS, 2010 WL 2696697, at *2 (E.D. Cal. July 6, 2010), and *Nativi v. Deutsche Bank National Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885, at *1, *3 (N.D. Cal. May 26, 2010). These cases concern whether Congress intended for suits involving the PTFA to be brought in federal court, and the courts concluded the suits could not be brought in federal court. *Lemere*, 2010 WL 2696697, at *1–2 (federal court lacked removal jurisdiction over "unlawful detainer" suit filed in state court in which defendant requesting removal claimed right under the PTFA); *Nativi*, at 2010 WL 2179885, *2–4 (PTFA intended to provide tenants protection in state court, not federal court). Those cases have nothing to do with the issues in this case brought in state court under state causes of action.

We conclude the evidence was legally and factually sufficient for the trial court to find appellee was appellant's landlord and was the owner of the rent due under the lease. We overrule appellant's second issue.

Appellant's third issue contends the trial court erred by granting judgment for appellee awarding appellee possession of the property. Appellant asserts there was no evidence proving a landlord-tenant relationship between appellee and appellant. As discussed under appellant's second issue, appellee became appellant's landlord when the deed of trust superior to the lease was foreclosed and the property was purchased by appellee at the foreclosure sale. *See* PTFA §

–10–

702(a)(2)(A); PROP. § 24.005(b). We conclude there is some evidence in support of the trial court's award of possession of the property to appellee.

Appellant also asserts that the trial court's judgment on June 22, 2012 ordering appellee take nothing because appellant was a bona fide tenant under the PTFA barred this subsequent suit for possession of the property and damages alleging appellant failed to pay rent. Appellant argues, "That which has been previously decided on a take nothing ruling should not spring back to life twenty days later." Rule of appellate procedure 38.1(i) requires that a brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Appellant provides citations to the record but no substantive legal argument beyond the sentence quoted above, and no citation to authority. Accordingly, we conclude the argument is waived on appeal. *See Wilhoite v. Sims*, 401 S.W.3d 752, 760–61 (Tex. App.—Dallas 2013, no pet.); *Owen v. Jim Allee Imports, Inc.*, 380 S.W.3d 276, 288–89 (Tex. App.—Dallas 2012, no pet.).

We overrule appellant's third issue.

## APPEAL BOND

In its judgment, the trial court ordered appellant to pay $1100 per month during the pendency of the appeal. *See* PROP. 24.0053 (West Supp. 2013). Appellee requests in its brief that we increase the amount of the bond to the current fair market rental value for the property.

Appellee did not file a notice of appeal. "A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. . . . The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause." TEX. R. APP. P. 25.1(c). Appellee argues we may review the sufficiency of a bond amount set by a trial court, citing *Fairways Offshore Exploration, Inc. v. Patterson Services, Inc.*, 355 S.W.3d 296, 299 (Tex. App.—Houston [1st Dist.] 2011, no pet.). That case

states that an appellate court may review the amount of a supersedeas bond pursuant to section 52.006 of the Texas Civil Practice & Remedies Code and rule of appellate procedure 24.4. *Id.* Section 52.006 concerns review of supersedeas bonds or deposits posted "as provided by the Texas Rules of Appellate Procedure." *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 52.001, .006 (West 2008). The trial court set the bond in in this case under section 24.0052 of the Texas Property Code, not the rules of appellate procedure. Accordingly, *Fairways Offshore Exploration* is not applicable to this case.

Because appellee did not file a notice of appeal and did not make a showing of "just cause" that would excuse its failure to do so, we conclude we lack jurisdiction over appellee's arguments requesting we alter the judgment. *See Boulle v. Boulle*, 160 S.W.3d 167, 176–77 (Tex. App.—Dallas pet. denied). We dismiss for lack of jurisdiction appellee's request to increase the amount of the appeal bond.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
121590F.P05                                        JUSTICE

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Geleatha Mason, Appellant

No. 05-12-01590-CV      V.

Wells Fargo Bank, N.A., Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-12-04876-D.
Opinion delivered by Justice Myers.
Justices FitzGerald and Francis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Wells Fargo Bank, N.A. recover its costs of this appeal from appellant Geleatha Mason.

Judgment entered this 5th day of November, 2013.

/Lana Myers/

LANA MYERS
JUSTICE