Stephen G. RICE and Sue
L. Rice, Appellants,

v.

Marc E. PINNEY, Appellee.

No. 05–00–00126–CV.

Court of Appeals of Texas,
Dallas.

March 20, 2001.

Michael L. Langley, Michael L. Langley, P.C., Richardson, for appellants.

Dale Wade Emmert, Dallas, for appellee.

Before Justices LAGARDE, KINKEADE, and O'NEILL.

## OPINION

Opinion by Justice LAGARDE.

This forcible detainer case presents two jurisdictional issues. In their sole point of error, appellants Stephen G. Rice ("Rice") and Sue L. Rice (collectively, the "Rices") assert that the county court at law lacked jurisdiction to issue a writ of possession because a wrongful foreclosure action between the same parties was pending in district court. Appellee Marc E. Pinney, by way of a cross-point, asserts that this Court lacks jurisdiction over this appeal because the property at issue was not used for residential purposes only. Because we overrule both jurisdictional challenges, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

For more than twenty years, the Rices were title owners of a residence in Richardson, Texas (the "property"). On March 4, 1999 National Mortgage Co. ("NMC") became the first lienholder. After a purported default on the note, NMC foreclosed on the property in September 1999. Pursuant to the deed of trust securing the note, NMC appointed a substitute trustee and the new trustee conducted a foreclosure sale. Pinney purchased the property at the foreclosure sale.

Among its general provisions, the deed of trust stated:

> If any of the property is sold under this Deed of Trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

When the Rices refused to vacate the property, Pinney instituted this forcible detainer suit in a Dallas County justice court pursuant to the deed of trust. The justice court awarded possession to Pinney, and the Rices appealed to a county court at law in Dallas County.

In the statutory county court, Rice amended his pleading to assert lack of jurisdiction, stating, in relevant part:

> The Defendant has filed suit against Plaintiff and National Mortgage Company in the 101st District Court, Dallas County, Texas Cause No. 99–9345, styled 'Stephen Rice and Sue Rice v. National Mortgage Company and Marc E. Pinney.' The Defendant seeks in that suit to set aside the foreclosure sale of the subject property on or about September 7, 1999.

After an off-the-record hearing on the day of trial, the county court at law concluded it had jurisdiction to decide the issue of immediate possession without adjudicating title to the property. The case proceeded to trial, and the county court at law rendered judgment that Pinney was entitled to possession. This appeal ensued.

## JURISDICTION OVER THIS APPEAL

We first address the challenge to this Court's jurisdiction. In his cross-point, Pinney asserts section 24.007 of the Texas Property Code precludes this Court's review of the Rices' appeal. Section 24 .007 states: "A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for *residential purposes only.*" TEX. PROP. CODE ANN. § 24.007 (Vernon 2000) (emphasis supplied). At trial, Rice testified he is self-employed and his technology sales company, Set Com Co., operates out of the property and has no other business address. Pinney argues, therefore, that because the property was not "used for residential purposes only," we are precluded from reviewing the county court at law's judgment awarding possession.

We agree with Pinney that the property at issue was not "used for residential purposes only." However, in such a situation, the legislature did not preclude all appellate review but only limited review over the issue of possession. *See id.* Issues on appeal not dependent on the trial court's possession determination are reviewable on appeal. *See, e.g., A.V.A. Servs., Inc. v. Parts Indus. Corp.,* 949 S.W.2d 852, 853 (Tex.App.—Beaumont 1997, no writ) (dismissing appeal of two points involving issue of possession and deciding merits of other points); *Academy Corp. v. Sunwest N.O .P., Inc.,* 853 S.W.2d 833, 834 (Tex.App.—Houston [14th Dist.] 1993, writ denied) (indicating factual sufficiency of attorneys' fee award could have

been appealed had appellant not couched argument as dependent upon award of possession). Here, the Rices have not asked us to re-examine the trial court's determination of the possession issue or any issue dependent on that determination. Rather, the Rices challenge the trial court's subject matter jurisdiction—its authority to decide this case regardless of how it resolved the possession issue. Section 24.007 does not preclude appellate review of a county court at law's subject matter jurisdiction. *See Falcon v. Ensignia*, 976 S.W.2d 336, 338–39 (Tex.App.—Corpus Christi 1998, no pet.) (addressing challenge to trial court's jurisdiction before dismissing appeal because merits of appeal went to issue of possession); *see also Housing Auth., City of Edgewood v. Sanders*, 693 S.W.2d 2, 3–4 (Tex.App.—Tyler 1985, writ ref'd n.r.e.) (per curiam) (op. on reh'g) (reviewing trial court's subject matter jurisdiction under predecessor of section 24.007 ); *Meyer v. Young*, 545 S.W.2d 37, 39 (Tex.Civ.App.—Austin 1976, no writ) (same).[1]

Accordingly, we hold that this Court has jurisdiction to determine if the county court at law had subject matter jurisdiction to enter the writ of possession. We overrule Pinney's cross-point.

## COUNTY COURT AT LAW JURISDICTION OVER THE CASE

In their sole point of error, the Rices argue the county court at law lacked subject matter jurisdiction to adjudicate Pinney's forcible detainer suit because their action in district court put title to the property at issue. We conclude the title dispute pending in district court did not deprive the county court at law of subject matter jurisdiction.

### Appellate Jurisdiction of County Court

Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. *See* TEX. PROP.CODE ANN. § 24.004 (Vernon 2000); TEX.R. CIV. P. 749; *Home Sav. Ass'n v. Ramirez*, 600 S.W.2d 911, 913 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Thus, the outcome of this case depends on the extent of the county court at law's appellate jurisdiction.

 The appellate jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court had jurisdiction. *Crumpton v. Stevens*, 936 S.W.2d 473, 476 (Tex.App.—Fort Worth 1996, no writ); *Goggins v. Leo*, 849 S.W.2d 373, 375 (Tex.App.—Houston [14th Dist.] 1993, no writ); *Standard Inv. Co. v. Dowdy*, 122 S.W.2d 1107, 1109 (Tex.Civ.App.—Dallas 1938, writ dism'd). A justice court is expressly denied jurisdiction to determine or adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b) (Vernon Supp.2001); *see Ramirez*, 600 S.W.2d at 913; *Slay v. Fugitt*, 302 S.W.2d 698, 701 (Tex.Civ. App.—Dallas 1957, writ ref'd n.r.e.). Moreover, in an action for forcible detainer, "the merits of the title shall not be adjudicated." TEX.R. CIV. P. 746. Accordingly, notwithstanding its grant of general jurisdiction,[2] a statutory county court has

---

1. Arguably, the text of the predecessor statute, which stated the "judgment of the county court finally disposing of the cause shall be conclusive of the litigation," was more restrictive than the current version. *See Hous-ing Auth., City of Edgewood*, 693 S.W.2d at 3–4.

2. Recently, this Court determined that county courts at law in Dallas County have jurisdiction to adjudicate title to land. *See Schuld v.*

no jurisdiction to adjudicate title to real estate in a de novo trial following an appeal of a forcible detainer suit from justice court.

*Nature of a Forcible Detainer Action*

 The procedure to determine the right to immediate possession of real property, if there was no unlawful entry, is the action of forcible detainer. *Kennedy v. Highland Hills Apartments,* 905 S.W.2d 325, 326 (Tex.App.—Dallas 1995, no writ). A forcible detainer action is a special proceeding governed by particular statutes and rules. *Id.* It was created to provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises. *Id.* To preserve the simplicity and speedy nature of the remedy, the applicable rule of civil procedure provides that "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." Tex.R. Civ. P. 746; *see Johnson v. Fellowship Baptist Church,* 627 S.W.2d 203, 204 (Tex.App.—Corpus Christi 1981, no writ). Thus, the sole issue in a forcible detainer suit is who has the right to *immediate* possession of the premises. *Fandey v. Lee,* 880 S.W.2d 164, 168 (Tex.App.—El Paso 1994, writ denied); *Cuellar v. Martinez,* 625 S.W.2d 3, 5 (Tex.Civ.App.—San Antonio 1981, no writ); *Johnson v. Highland Hills Drive Apartments,* 552 S.W.2d 493, 495 (Tex.Civ.App.—Dallas 1977), *writ ref'd n.r.e. per curiam,* 568 S.W.2d 661 (Tex.1978).

 To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Goggins,* 849 S.W.2d at 377. However,

where the right to immediate possession necessarily requires resolution of a title dispute, the justice court has no jurisdiction to enter a judgment and may be enjoined from doing so. *Haith v. Drake,* 596 S.W.2d 194, 196 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *see also Rodriguez v. Sullivan,* 484 S.W.2d 592, 593 (Tex.Civ.App.—El Paso 1972, no writ) (justice court judgment void when possession depended on whether defendant complied with contract for deed); *Am. Spiritualist Ass'n v. Ravkind,* 313 S.W.2d 121, 124 (Tex.Civ.App.—Dallas 1958, writ ref'd n.r.e.) (same). Because a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state, the displaced party is entitled to bring a separate suit in the district court to determine the question of title. *Scott v. Hewitt,* 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936); *Ramirez,* 600 S.W.2d at 913; *Martinez v. Beasley,* 572 S.W.2d 83, 85 (Tex.Civ.App.—Corpus Christi 1978, no writ). Forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court. *Haith,* 596 S.W.2d at 196; *Hartzog v. Seeger Coal Co.,* 163 S.W. 1055, 1060 (Tex.Civ.App.—Dallas 1914, no writ).

*Immediate Possession Determined Separately from Title*

 Relying exclusively on *Mitchell v. Armstrong Capital Corp.,* 911 S.W.2d 169 (Tex.App.—Houston [1st Dist.] 1995, writ denied), the Rices argue that because their district court suit raised the issue of title to the property, they automatically removed the possession issue from the jurisdiction of the county court at law. According to the Rices, the issues of title to the

*Dembrinski,* 12 S.W.3d 485, 489 (Tex.App.—Dallas 2000, no pet.) (vacating order granting plea to jurisdiction and reinstating lawsuit in

county court at law requesting partition of real estate).

property and possession of the property are inseparable, and it is unreasonable to determine possession of real estate without first determining who holds its title. We disagree.

Contrary to appellants' assertions, not only can the right to immediate possession be determined separately from the right to title in most cases, but the Texas Legislature purposely established just such a system. In *Scott v. Hewitt*, the supreme court was asked by certified question to determine whether a provision in a deed of trust that made a defaulted grantor a tenant at sufferance was valid and able to support a forcible detainer action. 90 S.W.2d at 818. After concluding that the provision was valid, the supreme court stated:

> If [grantors] desire to attack the sale made under the deed of trust as being invalid, they may bring such suit in the district court for that purpose; but, in a suit for forcible detainer, such action is not permissible. The Legislature has expressly provided by forcible entry and detainer proceedings a summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises, *without resorting to an action upon the title*. This [forcible detainer] action allowed by law *is not exclusive, but cumulative*, of any other remedy that a party may have in the courts of this state.

*Id.* at 818–19 (emphasis supplied). Though not specifically addressing the jurisdictional issue now before us, the supreme court nevertheless expressly stated that in cases challenging the validity of a trustee deed—as in this case—the legislature contemplated concurrent actions in the district and justice courts to resolve

issues of title and immediate possession, respectively.

Similarly, in *Martinez v. Beasley*, the appellate court was charged with determining whether a district court properly sustained a plea to its jurisdiction in a suit to cancel a trustee's deed. 572 S.W.2d at 84. The district court had concluded it was jurisdictionally barred from hearing the suit because a justice court previously awarded possession of the premises pursuant to the challenged trustee deed. In concluding the district court erred in granting the plea to its jurisdiction, the Corpus Christi Court of Appeals stated:

> [A] judgment of possession in a forcible detainer action is a determination *only* of the right to immediate possession of the premises, and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question. Therefore, in this case, plaintiffs have the right to sue in the district court to determine whether the trustee's deed should be cancelled, *independent of defendant's award of possession of the premises in the forcible detainer action*, which determined the right to immediate possession of the premises, and nothing else. *An action in forcible detainer in the justice court is one thing, and an action in the district court to determine whether a trustee's deed to the premises involved in the forcible detainer action should be set aside i[s] something else.*

*Id.* at 85 (emphasis supplied).

Three years later, in *Home Savings Ass'n v. Ramirez*, the same court of appeals had to determine if a district court properly enjoined a justice court's judgment awarding possession of certain premises.[3] 600 S.W.2d at 912. The underlying

---

**3.** "For the district court to enjoin the exercise of the justice court's exclusive jurisdiction in a forcible entry and detainer case, there must be a showing that the justice court is without

facts in *Ramirez* are similar to those in this case, except for the procedural posture. In *Ramirez,* a note holder foreclosed on a house pursuant to a deed of trust after the homeowner defaulted on payments for repairs. The trust deed contained a provision similar to the one in this case. It provided that after a foreclosure sale, the owners or those holding under them became tenants at sufferance of the purchaser and that their refusal, after demand, to surrender possession subjected them to a forcible detainer action by the purchaser. The house was sold at a foreclosure sale. Pursuant to the deed of trust, the purchaser brought a forcible detainer action and evicted the homeowner while the homeowner's breach of contract action against the note holder was pending in district court. The homeowner brought another action in district court seeking to enjoin execution of the county court's writ of restitution. Believing the county court had exceeded its jurisdiction by trying title, the district court granted the injunction. The Corpus Christi Court of Appeals reversed and dissolved the injunction, concluding the district court had abused its discretion. *Id.* at 913–14. After reiterating the legislative intent for parallel and concurrent resolution of issues of immediate possession and title in different courts, the appellate court stated, "The only issue presented to the justice and county court was who was entitled to immediate possession. The appellant, as grantee in the trustee's deed, was entitled to possession." *Id.* at 914. Thus, the court of appeals rejected the argument that the justice and county courts exceeded their jurisdiction in awarding immediate possession based on a disputed trustee deed.

The reasoning of *Ramirez* is applicable to this case. Here, the county court at law

had before it a March 1998 deed of trust wherein the Rices, as grantors, conveyed the property to a trustee for the benefit of NMC. The deed of trust stated that upon a sale pursuant to the deed of trust, the Rices would become tenants at sufferance and subject to a forcible detainer action if they refused to vacate the property after request. Also before the court was a September 1999 substitute trustee's foreclosure sale deed and related documents establishing the default on the note, a notice of eviction, the foreclosure pursuant to the deed of trust, and the sale of the property to Pinney. Based on this evidence, it was not necessary for the county court at law to determine the issue of title to the property, nor did it. The county court merely determined who was entitled to immediate possession. To hold, as the Rices suggest, that the filing of a concurrent suit in district court challenging the validity of the substitute trustee deed precludes a forcible detainer suit in justice court would ignore the long-established legislative scheme of parallel resolution of immediate possession and title issues.

Nevertheless, the Rices assert that *Mitchell v. Armstrong Capital Corp.* supports their argument. There, a homeowner signed a promissory note for improvements to her house. *Mitchell,* 911 S.W.2d at 170. This note was secured by a "Builder's and Mechanic's Lien Contract." When the homeowner defaulted, the note holder requested a substitute trustee post the house for foreclosure pursuant to the lien contract. After purchasing the house from the substitute trustee, the note holder filed a forcible detainer action in justice court to evict the homeowner. By written answer, the homeowner asserted the justice court lacked jurisdiction because of a pending lawsuit in district court challeng-

jurisdiction to proceed in the cause or the defendant has no adequate remedy at law."

*McGlothlin v. Kliebert,* 672 S.W.2d 231, 232 (Tex.1984).

ing the note holder's title. The justice court awarded possession to the note holder. On trial de novo, the county court at law also awarded possession to the note holder. On appeal, the Houston First District Court of Appeals concluded the homeowner had raised a "title issue" in the courts below that deprived both the justice court and the county court at law on appeal of subject matter jurisdiction. *Id.* at 171.

The Rices argue this case presents "[t]he exact same set of facts [as] existed in *Mitchell.*" Although the cases are similar, *Mitchell* is distinguishable in at least one material way. In *Mitchell,* the lien contract apparently permitted the note holder to sell the property at a foreclosure sale like the deed of trust did in this case. However, in this case the Rices agreed that a foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship between the Rices and Pinney. This landlord-tenant relationship provided an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property. There is no indication, however, that the lien contract in *Mitchell* created any type of landlord-tenant relationship or any other independent basis on which the trial court could decide the immediate possession issue. Because the issue of immediate possession in *Mitchell* depended solely upon title to the house under the terms of the note and lien contract, neither the justice court nor the county court at law on appeal had subject matter jurisdiction to issue the writ of possession.[4] *See id.* (cit-

ing *Rodriguez,* 484 S.W.2d at 593 and *Ravkind,* 313 S.W.2d at 124).

Our reading of *Mitchell* is buttressed by the two authorities cited by the court of appeals in support of its reasoning. In *Rodriguez v. Sullivan,* the vendor of real estate sought a writ of possession against the purchaser after the purchaser allegedly failed to perform on the purchase-sale contract. 484 S.W.2d at 593. However, the purchaser asserted that the original contract was lost and, under that contract, he had fully performed. The El Paso Court of Appeals concluded that the justice court's judgment was void for lack of jurisdiction because "it is apparent that the determination of the right of possession issue in the [j]ustice [c]ourt depended on who owned the real estate involved." *Id.* Similarly, in *American Spiritualist Ass'n v. Ravkind,* the parties entered into a contract to purchase land. 313 S.W.2d at 122. When the purchaser allegedly defaulted, the seller foreclosed pursuant to the deed of trust and obtained a writ of possession. This Court concluded that the writ of possession was void for lack of jurisdiction because the forcible detainer suit "necessarily involved a trial of the title to the land in controversy." *Id.* at 124. In reaching this conclusion, this Court noted that a forcible detainer action requires a landlord and tenant relationship, and the facts presented only established possession based upon the contract to purchase land. *Id.* at 124–25. Without a landlord-tenant relationship, the justice court could not determine the issue of immediate possession without necessarily determining the owner of the real estate pursuant to the

4. Because the issue is not presented in this case, we do not express an opinion on whether the existence of a landlord-tenant relationship is jurisdictional. *But see Academy Corp.,* 853 S.W.2d at 834 (concluding a landlord-tenant relationship is not jurisdictional, but an element of a forcible detainer claim). We note, however, that one indication that a justice court, and on appeal a county court, may be required to adjudicate title to real estate in a forcible detainer case—and, thus, exceed its jurisdiction—is when a landlord-tenant relationship is lacking.

contract between the parties. On those facts, this Court concluded that "constructive possession based on the trustee's deed ... necessar[ily] involves an inquiry as to title ." *Id.* at 125. Accordingly, we conclude *Mitchell* is distinguishable from this case and provides no support for the Rices' claims that the county court at law was without jurisdiction to issue the writ of possession.

 In their arguments, however, the Rices still rely heavily on *Mitchell* for their formulation of the applicable rule in this case. The Rices contend that if it becomes apparent that a genuine issue regarding title exists in a forcible detainer suit, the justice and county courts do not have jurisdiction over the matter.[5] *See Mitchell,* 911 S.W.2d at 171. As we stated earlier, however, a justice court or county court at law is not deprived of jurisdiction merely by the existence of a title dispute, but is deprived of jurisdiction only if "the right to immediate possession *necessarily requires the resolution of a title dispute.*" *Haith,* 596 S.W.2d at 196 (emphasis supplied); *see also Falcon,* 976 S.W.2d at 338 ("[i]f the question of title is so integrally linked to the issue of possession that possession may not be determined without first determining title, justice and county courts [lack] jurisdiction"). This linguistic distinction is substantive, not merely semantical. A justice court and, on trial de novo, a county court have been given exclusive jurisdiction to decide the issue of immediate possession. *Ramirez,* 600 S.W.2d at 913. That jurisdiction cannot be infringed upon as long as the court merely determines possession. *See id.* at 913–14. Thus, it is only when the justice or county court *must* determine title issues that it is

without jurisdiction to adjudicate a forcible detainer case. *See, e.g., Guyer v. Rose,* 601 S.W.2d 205, 205–206 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.) (enjoinder of forcible detainer suit proper when right to possession depended on compliance with contract for sale); *Gentry v. Marburger,* 596 S.W.2d 201, 203 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (justice court without jurisdiction when possession based on assertion of life estate or adverse possession because "title to premises was directly involved"); *Rodriguez,* 484 S.W.2d at 593 (justice court judgment void when possession depended on construction of real estate "purchase-sale contract"); *Dent v. Pines,* 394 S.W.2d 266, 268–69 (Tex.Civ.App.—Houston [1st Dist.] 1965, no writ) (justice court without jurisdiction when possession required resolution of claims under competing wills and intestacy statutes because "title necessarily involved"); *Ravkind,* 313 S.W.2d at 125 (no jurisdiction when right to possession depended on disputed compliance with "contract to purchase").

Because the county court at law was not required to determine the issue of title to resolve the right to immediate possession, we conclude the county court at law had jurisdiction to issue the writ of possession. We overrule the Rices' sole point of error.

We affirm the trial court's judgment.

**5.** Appellants have cited no authority, except for *Mitchell,* supporting their formulation, nor has our research revealed any. Indeed, *Mitchell*'s formulation of this rule appears to

have paraphrased the correct formulation appearing in previous authorities from that court. *See, e.g., Haith,* 596 S.W.2d at 196.