

# Fourth Court of Appeals
## San Antonio, Texas

November 26, 2013

No. 04-13-00506-CV

Robert G. **CORONA** and Christina M. Mozisek and all occupants,
Appellants

v.

**GREEN TREE SERVICING LLC,**
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 385145
Honorable Jason Wolff, Judge Presiding

# O R D E R

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Marialyn Barnard, Justice

Appellee Green Tree Servicing LLC has filed a motion to dismiss for lack of jurisdiction, arguing that this appeal is moot. Green Tree emphasizes that in this forcible detainer action, Green Tree requested issuance of a writ of possession and that appellants voluntarily vacated the property on September 18, 2013. Green Tree points to case law stating that when defendants in a forcible detainer action are no longer in possession of the premises at issue, the appeal is moot unless the defendants can assert a potentially meritorious claim of right to current, actual possession. *See Marshall v. Hous. Auth.*, 198 S.W.3d 782 (Tex. 2006). While the issue of possession may be moot, issues independent of possession are reviewable on appeal. *Rice v. Pinney*, 51 S.W.3d 705, 707 (Tex. App.—Dallas 2001, no pet.); *Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *2 (Tex. App.—San Antonio 2010, no pet.). In the trial court's summary judgment, appellants were ordered to pay Green Tree's attorney's fees in the amount of $7,000 and were ordered to pay future appellate attorney's fees. Thus, because issues independent of possession are reviewable on appeal, we DENY Green Tree's motion to dismiss for lack of jurisdiction.

Appellants' brief was due October 30, 2013. Neither the brief nor a motion for extension of time has been filed. We, therefore, ORDER appellants to file, on or before **December 6, 2013** their appellants' brief and a written response reasonably explaining (1) their failure to timely file the brief and (2) why appellee is not significantly injured by their failure to timely file a brief. If appellants fail to file a brief and the written response by the date ordered, we will dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a); *see also* TEX. R. APP. P. 42.3(c) (allowing involuntary dismissal if appellant has failed to comply with a court order).

Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of November, 2013.

Keith E. Hottle
Clerk of Court