# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00584-CV

**Kyle Lynn Ashley, Appellant**

**v.**

**Citimortgage, Inc., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-13-005947, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment signed by the county court at law in a forcible detainer suit brought by appellee Citimortgage, Inc. against appellant Kyle Lynn Ashley. We affirm the county court's judgment.

## Factual and Procedural Background

In 2009, Ashley refinanced his home, obtaining a mortgage from Colonial Bank and signing a deed of trust and note in Colonial Bank's favor.[1] Mortgage Electronic Registration Systems, Inc. (MERS) was named as a beneficiary under the deed and as nominee for Colonial Bank and its "successors and assigns." Soon after, Colonial Bank declared bankruptcy and was placed into receivership. In August 2009, the Federal Deposit Insurance Corporation (FDIC), acting as

---

[1] Ashley bought and refinanced the house along with his then-wife, but upon their divorce shortly after the house was refinanced, Ashley became sole owner of the property. Ashley's ex-wife was named as a party to the underlying suit but did not appeal.

Colonial Bank's receiver, transferred Colonial Bank's rights, title, and interests in the mortgages and deeds of trust owned and held by Colonial Bank to Branch Banking and Trust. The assignment expressly excluded all mortgages and deeds of trust "registered under or by use of [MERS] regardless of Colonial Bank's ownership or beneficial interest therein."

In April 2012, MERS filed an assignment purporting to transfer Ashley's deed of trust and attendant notes from Colonial Bank to Bank of America. In January 2013, after Ashley defaulted on his payments, the property was sold to Citimortgage at a foreclosure sale conducted on Bank of America's behalf. Citimortgage then filed this forcible detainer suit in the justice court. Ashley asserted that Citimortgage was not the owner of the property and that because title was in dispute, the justice court lacked jurisdiction over the suit. *See* Tex. Gov't Code § 27.031(b) (justice court lacks jurisdiction over suit to determine title to land); *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.). He asserted that Citimortgage had not produced evidence showing a link between Colonial Bank and Bank of America and noted that Colonial Bank had filed for bankruptcy and was closed in 2009. The justice court ruled in Citimortgage's favor. Shortly thereafter, Ashley filed suit to quiet title in the district court.[2]

Meanwhile, Ashley appealed the justice court's forcible detainer judgment to the county court at law, asserting that because he disputed Citimortgage's ownership of the property, the justice court lacked jurisdiction over the suit. The county court held a bench trial and ruled in Citimortgage's favor, and Ashley appealed to this Court.

---

[2] Ashley also alleged violations of section 12.002 of the civil practice and remedies code, which governs the fraudulent filing of documents, and of the Texas Debt Collection Act and sought a temporary restraining order and a declaration that the foreclosure proceeding was void.

**Discussion**

On appeal, Ashley asserts that: (1) the county court and justice court both improperly adjudicated title to the property, exceeding their jurisdictional authority; (2) MERS's nominee status did not survive Colonial Bank's bankruptcy, and therefore MERS lacked authority to transfer the property to Bank of America; (3) the county court improperly interpreted the FDIC's assignment that transferred some of Colonial Bank's assets to Branch Banking and Trust; (4) MERS, as "holder" of the deed of trust, had no authority to transfer the note to Bank of America; and (5) there was no evidence to show that Wendy Alexander, who signed the substitute trustee deed after the foreclosure sale, was ever appointed as substitute trustee.

At trial, the county court said that it appeared that MERS "continue[d] as nominee and later gave the property to [Bank of America], and [Bank of America] foreclosed and here we are." Ashley asserted that the court was ruling on title, and the county court stated, "I have made a ruling that there is no question of title. Everything appears to be in order." Ashley asserts that by making that statement, the county court "specifically ruled on the question of title, holding that title was properly vested in Citimortgage," that such a ruling was outside the court's jurisdiction, and that we must therefore reverse. He further contends that the county court erred in determining that MERS's nominee status under the deed of trust survived the bankruptcy of Colonial Bank and that MERS had the power to transfer the deed and note to Bank of America.

The county court did not make any findings of fact or conclusions of law determining title. The county court's verbal statements that there was "no question of title" and that "[e]verything appears to be in order" were not rulings on the question of title but instead were observations

3

that title was not in dispute for purposes of the forcible detainer suit. Further, the fact that Ashley disputed the propriety of Citimortgage's ownership and had filed suit to quiet title in the district court did not mean that the justice court or county court lacked jurisdiction in the forcible detainer proceeding. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd); *Rice*, 51 S.W.3d at 711, 713. A justice court or county court is not deprived of jurisdiction by the mere existence of a title dispute; the court will only lack jurisdiction if the right to immediate possession necessarily requires the court to resolve the title dispute. *Rice*, 51 S.W.3d at 713. In other words, "it is only when the justice or county court *must* determine title issues that it is without jurisdiction to adjudicate a forcible detainer case." *Id.*

As for Ashley's issues related to whether MERS's nominee status survived Colonial Bank's bankruptcy, the extent of MERS's authority as a holder of the deed of trust, and the propriety of the transfer of the mortgage to Bank of America, "defects in the foreclosure process or with the purchaser's title to the property may not be considered in a forcible detainer action." *Schlichting*, 346 S.W.3d at 199. The deed of trust provided that, in the event of a foreclosure sale, Ashley was to immediately surrender possession and, if possession was not surrendered, Ashley would be a tenant at sufferance who could be removed by a court proceeding. Thus, the county court had an independent basis to determine the issue of immediate possession without having to resolve any title issues. *See id.*; *see also Wilder v. Citicorp Trust Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979, at *2 (Tex. App.—Austin Mar. 18, 2014, pet. filed) (mem. op.) (landlord-tenant relationship created by deed of trust provided independent basis to award immediate possession in forcible detainer suit without need to resolve title dispute).

4

We reject Ashley's issues related to MERS's authority to transfer the note and deed of trust and his assertion that a title dispute stripped the county court and justice court of jurisdiction over the forcible detainer suit. *See Wilder*, 2014 WL 1207979, at *2 ("The Wilders' attack on the validity of the foreclosure sale through which Citicorp Trust acquired ownership of the Property—a challenge to Citicorp Trust's title—cannot be raised in this proceeding.").

As for Ashley's argument related to the appointment of the substitute trustee, the deed of trust provided that the lender could, "by power of attorney or otherwise," appoint a successor trustee "without the necessity or any formality other than a designation by Lender in writing." The deed further provided that "recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein." The substitute trustee's deed stated that "Current Mortgagee of the Note, through the Mortgage Servicer, accordingly has appointed Substitute Trustee and requested Substitute Trustee to enforce the trust." Thus, the documents provided by Citimortgage established the substitute trustee's authority to conduct the sale.[3] *See Texas Osage Co-op. Royalty Pool, Inc. v. Crighton*, 188 S.W.2d 230, 234 (Tex. Civ. App. 1945, writ ref'd) (deed of trust authorized note holder to appoint substitute trustee and provided that trustee's recitals in conveyance was prima facie evidence that recited facts were true; substitute trustee's deed recited that original trustee had refused to act and had been replaced by substitute trustee; "In the absence of testimony tending to show that the named trustee was not properly requested to act, the foregoing evidence was sufficient proof that proper request was made of the named trustee to act and his refusal so to do and thereby, under

---

[3] We note that Ashley attached his district court petition as an exhibit to his first amended answer. That petition included copies of two Appointments of Substitute Trustee from May and December 2012, both of which named Wendy Alexander as one of three possible substitute trustees.

the terms of the deed of trust, authorized the holder of the note to appoint a substitute trustee.");

*Stone v. Watt*, 81 S.W.2d 552, 555 (Tex. Civ. App.—Eastland 1935, writ ref'd) (no statutory requirement that documentation related to appointment of substitute trustee be recorded in public records). We overrule Ashley's issue related to the authority of the substitute trustee to conduct the foreclosure sale.

## Conclusion

Having overruled Ashley's issues, we affirm the county court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   December 18, 2014

6