**AFFIRMED; Opinion Filed March 31, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01518-CV

**AMARJIT SINGHA AND ALL OTHER OCCUPANTS OF 315 ORIOLE CT., MURPHY, TEXAS 75094, Appellants**

**V.**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee**

**On Appeal from the County Court at Law No. 2**
**Collin County, Texas**
**Trial Court Cause No. 002-02893-2012**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

Appellants Amarjit Singha and all other occupants of 315 Oriole Ct., Murphy, Texas

75094 appeal the trial court's final judgment which held that appellee Federal National Mortgage

Association was entitled to possession of the real property at issue. Appellants assert that the

trial court (1) erred by admitting an exhibit over their objections and (2) lacked jurisdiction to

determine the issue of title to real property in a forcible detainer action. We affirm.

### BACKGROUND

In 2007, Amarjit and Roger Singha executed a note payable to Countrywide Home

Loans, Inc. dba America's Wholesale Lender for the real property located at 315 Oriole Court,

Murphy, Texas 75094. The Singhas also executed a deed of trust to secure the payment of the

note. After the Singhas defaulted on the mortgage, Federal National Mortgage Association

("Fannie Mae") purchased the property at a non-judicial foreclosure sale on October 5, 2010. Pursuant to section 22 of the deed of trust, the Singhas agreed to the following actions upon their default:

> If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

On August 15, 2012, Fannie Mae sent the Singhas written notices to vacate the property via regular and certified mail. After appellants failed to vacate the premises, Fannie Mae filed a petition for forcible detainer in a Collin County justice of the peace court. On September 20, 2012, the court awarded judgment to Fannie Mae and instructed appellants to pay an appeal bond of $8,800 and monthly rent of $4,400 during the appeal. Appellants appealed this judgment to the County Court of Law No. 2 and a bench trial was held on August 2, 2013. During trial, Fannie Mae introduced the Business Records Affidavit of Sharon Vaughan as Exhibit 3 (Vaughan affidavit). The Vaughan affidavit included copies of the notices to vacate sent by Fannie Mae to appellants. The county court ruled in favor of Fannie Mae. Appellants then filed a cash deposit in lieu of bond with the court clerk and this appeal.

## ANALYSIS

### I. The Trial Court Properly Admitted the Vaughan Affidavit

Appellants argue that the trial court erred when it admitted the Vaughan affidavit into evidence over their hearsay and authentication objections.

#### A. Standard of Review

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *See Service Corp. Intern. v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011). A trial court abuses its discretion when it rules without regard for any guiding rules or principles. *See Owens-*

–2–

*Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Id.*

> **B.** **The Vaughan Affidavit Satisfies the Business Records Exception to the Hearsay Rule**

Appellants contend that Vaughan cannot properly lay a foundation for the business records exception because Vaughan is not an employee of appellee or of the law firm that sent the notices. Appellants further argue that Vaughan is not qualified to lay the foundation for the notices to vacate. We disagree.

Rule 803(6) of the Rules of Evidence requires the following for business records:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

TEX. R. EVID. 803(6). Rule 803(6) does not, however, require a witness laying the predicate for introduction of a business record to be the creator of the document or even an employee of the company keeping the record. *See Houston Shell & Concrete Co. v. Kingsley Constructors, Inc.*, 987 S.W.2d 184, 186 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Instead, an affiant may qualify as a "qualified witness" by demonstrating personal knowledge of the facts contained within the business record. *Id.*

Here, Vaughan stated in her affidavit that she is employed as a paralegal by National Default Exchange L.P., an affiliated service provider for the law firm of Barrett Daffin Frappier Turner & Engel LLP (BDFTE). BDFTE serves as the law firm for Fannie Mae. Vaughan testified in her affidavit that she had the "care, custody, and control of all records concerning the forcible entry and detainer proceedings against Amarjit Kaur Singha and all occupants of 315

Oriole Court, Murphy, Texas 78094." The affidavit further provides that Vaughan is the custodian of the records for BDFTE. Vaughan attached fifteen pages of records to her affidavit from the forcible entry and detainer file against appellants. She further testified in her affidavit that "[t]hese 15 pages of records are kept in the regular course of business."

Thus, the affidavit demonstrates that Vaughan is the custodian of records for the law firm that represented Fannie Mae at trial. We hold, as have other Texas courts, that the trial court did not abuse its discretion by admitting Vaughan's affidavit into evidence. *See Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *5 (Tex. App.—Austin 2011, no pet.) (mem. op.) (finding Vaughan's business record affidavit admissible in similar circumstances); *Fleming v. Fannie Mae*, No. 02-09-00445-CV, 2010 WL 4812983, at *4 (Tex. App.—Ft. Worth 2010, no pet.) (mem. op.) (finding business record affidavit of National Default Exchange L.P. employee with similar language admissible).

Appellants next contend that the affidavit is inadmissible under the business records exception to the hearsay rule because the affidavit was created in anticipation of litigation. In support of this assertion, appellants principally rely on *Ortega v. Cach, LLC*, 396 S.W.3d 622 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In *Ortega*, a debt collector submitted a business record affidavit which attached twenty-one pages of records including three affidavits, three billing statements and two credit card agreements. *Id.* at 626. Ortega did not object to the admissibility of the billing statements or the credit card agreements and the court of appeals noted that these documents were properly admitted under the business records exception. *Id.* at 629. Ortega solely objected to the admission of the three attached affidavits and the court of appeals affirmed his hearsay argument. *Id.* at 627–28. The court concluded that the three

affidavits were not admissible under the business records exception because the affidavits were prepared for the purpose of litigation.[1] *Id.* at 630-31.

We find the instant sets of facts distinguishable from those in *Ortega* because Fannie Mae did not offer the Vaughan affidavit as a business record itself. Instead, Vaughan submitted a business record affidavit which attached the business records—fifteen pages of documents from the forcible entry and detainer file against appellants. As it is these documents which constitute the business records, we hold that the affidavit and its attachments were properly admitted by the trial court. For the reasons stated above, we resolve appellants' first issue against them.

## II.     The Trial Court Did Not Lack Jurisdiction

Appellants argue that because this case involves a question of title, the trial court lacked subject matter jurisdiction to enter a judgment. Appellants argue that their lender breached the deed of trust contract and waived its right to foreclose. Appellants filed a separate lawsuit against Fannie Mae in the United States District Court for the Eastern District of Texas in which they contested the foreclosure and the right to title and possession of the property. Appellants note that a county court of law has no jurisdiction to adjudicate title in a de novo trial following the appeal of a forcible detainer suit. *Rice v. Pinney*, 51 S.W.3d 705, 708–9 (Tex. App.—Dallas 2001, no pet.). Appellants argue that the issues of title to the property and possession of the property are so inseparable that it is unreasonable to determine possession without first determining who holds its title. We disagree.

A justice court or county court of law is not deprived of jurisdiction in a forcible detainer lawsuit merely because of the existence of a title dispute. *Id.* at 712. In fact, in most cases the right to immediate possession can be determined separately from the right to title. *Id.* at 710

---

[1] The affidavits included statements that provided for the amounts owing by the debtor, when the demands for payment had been made, and authority of the debt collector to collect. *Id.* at 626-27.

(legislature contemplated concurrent actions in the district and justice courts to resolve issue of title and immediate possession in cases challenging the validity of a trustee deed). The trial court is only deprived of jurisdiction if the determination of the right to immediate possession necessarily requires the resolution of a title dispute. *Id.* at 712; *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, no pet.).

In this case, evidence admitted at trial included the deed of trust, the substitute trustee's deed, and the notices to appellants to vacate the property. The substitute trustee's deed showed that Fannie Mae purchased the property in a non-judicial foreclosure sale after appellants defaulted under the terms of the deed of trust. The deed of trust states that appellants became a tenant-at-sufferance when they did not vacate the property after Fannie Mae purchased it. The notices sent by Fannie Mae to appellants informed them that their tenancy was being terminated and they were required to vacate the property. Where a foreclosure pursuant to a deed of trust creates a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title. *Schlichting*, 346 S.W.3d at 199. Here, the foreclosure of this property pursuant to the deed of trust created a landlord and tenant-at-sufferance relationship between appellants and Fannie Mae. Thus, it was not necessary for the trial court to resolve the title dispute in order to determine the right of immediate possession. *Rice,* 51 S.W.3d at 711. Further, to the extent that appellants rely on the existence of the federal litigation as evidence of a title dispute, we also reject that argument. *Id.* ("To hold . . . that the filing of a concurrent suit in district court challenging the validity of the substitute trustee deed precludes a forcible detainer suit in justice court would ignore the long-established scheme of parallel resolution of immediate possession and title issues.").

For the reasons stated above, we resolve appellants' second issue against them.

**CONCLUSION**

We resolve appellants' issues against them and affirm the trial court's judgment.


/ David Evans/
DAVID EVANS
JUSTICE


131518F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

AMARJIT SINGHA AND ALL OTHER
OCCUPANTS OF 315 ORIOLE CT.,
MURPHY, TEXAS 75094, Appellants

No. 05-13-01518-CV      V.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, Appellee

On Appeal from the County Court at Law
No. 2, Collin County, Texas
Trial Court Cause No. 002-02893-2012.
Opinion delivered by Justice Evans.
Justices Bridges and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee FEDERAL NATIONAL MORTGAGE ASSOCIATION
recover its costs of this appeal and the full amount of the trial court's judgment from appellant
AMARJIT SINGHA AND ALL OTHER OCCUPANTS OF 315 ORIOLE CT., MURPHY,
TEXAS 75094 and from the cash deposit in lieu of cost bond. After all costs have been paid, the
clerk of the Collin County court is directed to release the balance, if any, of the cash deposit to
appellee.

Judgment entered this 31st day of March, 2015.