In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00360-CV
_____

**RONNIE FURRER AND GENEVA MAE SCHNELLE, Appellants**

**V.**

**FAY ELAINE FURRER, Appellee**

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 18-30808**

**MEMORANDUM OPINION**

Ronnie Furrer and Geneva Mae Schnelle ("the Appellants") appeal from a judgment finding them guilty of forcible detainer and awarding Ronnie's ex-wife, Fay Elaine Furrer, possession of property. We affirm the trial court's judgment.

Background

Ronnie and Fay divorced in 2006, and the divorce judgment awarded Fay the property located on Newton Circle in Conroe, Texas. In 2018, Fay filed a suit for

eviction against the Appellants in the Justice Court, Precinct 1, Montgomery County, Texas. Prior to filing suit, Fay attached a notice to vacate to the exterior of the front door of the property located on Newton Circle. *See* Tex. Prop. Code Ann. § 24.005 (West Supp. 2018). The justice court dismissed Fay's suit for lack of subject matter jurisdiction.

Fay appealed to the county court, exercising her right to obtain a trial *de novo*. *See* Tex. R. Civ. P. 510.9, 510.10(c). Fay filed a petition alleging that (1) she was the owner of the real property that is the subject of the suit by virtue of having been granted title to the property in a 2006 divorce judgment, (2) the Appellants took possession of and occupied the property, (3) she served the Appellants a notice to vacate the property, (4) the Appellants have failed and refused to vacate the property, and (5) she has the right to immediate possession of the property. The Appellants filed an answer and a plea to the jurisdiction, arguing that the county court did not acquire subject matter jurisdiction of the eviction suit because the justice court did not have jurisdiction. The Appellants also argued that the property was not located in Precinct 1.

The county court conducted a bench trial. Fay testified that when she and Ronnie divorced in 2006, she was awarded the property at issue, and Ronnie's counsel stipulated that the divorce decree awarded the property to Fay as her separate

2

property. Fay explained that she gave Ronnie permission to move back in with her in 2008, and Fay left in 2009 because of family violence. Fay testified that in 2018, she posted a notice to vacate on the front door of the house, and Ronnie has refused to move out of her house. Fay further testified that she is afraid of Ronnie because he has been violent in the past, and she posted the notice to vacate on the outside of the door because she was scared that he would be violent if she tried to go inside the house. Fay explained that Ronnie is living in her house with Geneva, and Fay asked the court to grant her a writ of possession and have them both removed. Fay testified that she had not made any payments on the land or the mobile home since she left the property in 2009, and that she considered the payments Ronnie made to be rental payments. According to Fay, Ronnie is not leasing the property from her and does not have her permission to be there, and she has asked Ronnie to leave several times.

Ronnie testified that he is currently in possession of the property that Fay had had been awarded in the divorce, and that he received a notice to vacate the property, which was posted on the outside of the front door. According to Ronnie, he never received a copy of the notice to vacate in the mail. Ronnie testified that he contested the removal because he made payments while living at the property. Ronnie testified that he had never paid Fay rent.

3

The county court denied the Appellants' plea to the jurisdiction, found the Appellants guilty of forcible detainer, and rendered a judgment that Fay have possession of the property. The Appellants filed a motion to set aside the judgment, for a new trial, or to modify the judgment, arguing that the county court did not have subject matter jurisdiction and that the evidence was insufficient to support the county court's judgment. The Appellants argued that the justice court did not have jurisdiction because Fay failed to give proper notice to vacate the property and to provide the required information in her petition, and that the county court should have deferred to the judgment of the justice court and determined that it also did not have jurisdiction. The county court denied the Appellants' motion for new trial.

The county court issued findings of fact and conclusions of law, in which the court found, among other things, that the Appellants stipulated that Fay owned the property, the property is located in Precinct 1, Montgomery County, Texas, Fay placed a notice to vacate on the outside of the front door of the mobile home attached to the property, Ronnie admitted receipt of the notice to vacate, and the Appellants refused to vacate. The county court concluded, among other things, that: (1) it had jurisdiction; (2) the statutory notice requirements in an eviction case do not affect the court's jurisdiction; (3) the lack of explanation in the pleading as to why the eviction was sought does not deprive the court of jurisdiction; (4) Fay had a greater

4

right to possession of the property; (5) the Appellants committed a forcible detainer; (6) Fay made a proper demand for the property; (7) the manner of notice was legally sufficient; and (8) the Appellants had actual notice. The Appellants appealed.

## Analysis

In issue one, the Appellants complain that the county court did not have subject matter jurisdiction. According to the Appellants, the justice court's order of dismissal based upon lack of jurisdiction deprived the county court of jurisdiction. Fay appealed the justice court's judgment dismissing her eviction suit for lack of subject matter jurisdiction to the county court, exercising her right to obtain a trial *de novo*. *See* Tex. R. Civ. P. 510.9, 510.10(c). The Appellants now appeal the judgment entered by the county court at law. The county court at law has jurisdiction to conduct a trial *de novo*, which is a new trial in which the entire case is presented as if there had been no previous trial. *See id.* 510.9, 510.10(c). We overrule issue one.

In issue two, the Appellants argue that the county court erred in overruling their motion for new trial because the evidence established that Fay failed to follow the required statutory procedure for providing notice to vacate and there was no evidence that Ronnie received actual notice. *See* Tex. Prop. Code Ann. § 24.005(f). The Appellants contend that the evidence is factually insufficient to support the

court's finding that Fay provided proper notice to vacate. According to the Appellants, Fay attempted to give notice by posting it on the outside of the front door, but she failed to put the notice in an envelope marked "IMPORTANT DOCUMENT" and to send the notice by certified or regular mail.

In an appeal from a bench trial, we review legal and factually sufficiency issues under the same standards that are applied to the review of a jury's verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We will sustain a no-evidence point when

> (1) the record discloses a complete absence of evidence of a vital fact[,] (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact[,] (3) the evidence offered to prove a vital fact is no more than a mere scintilla[,] or (4) the evidence establishes conclusively the opposite of the vital fact.

*Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003) (citing *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1996)); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). In reviewing a factual sufficiency complaint, we must consider, examine, and weigh the entire record, considering both the evidence in favor of, and contrary to, the challenged findings. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998). We will set aside the disputed finding only if it is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.* at 407.

6

A forcible detainer action is a special proceeding governed by particular statutes and rules "created to provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.) (citation omitted); *see also* Tex. Prop. Code Ann. §§ 24.001-24.011 (West 2014 & Supp. 2018); Tex. R. Civ. P. 510.1–510.13. "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice*, 51 S.W.3d at 709. Proper notice is an element of forcible detainer. Tex. Prop. Code Ann. § 24.002(b) (West 2014). However, an alleged failure to comply with section 24.005(f) of the Texas Property Code does not deprive the court of jurisdiction to consider the eviction suit. *See* Tex. Prop. Code Ann. § 24.004 (West 2014); *see also* Tex. Prop. Code Ann. § 24.005(f).

The Property Code provides that in situations where a landlord believes that harm to any person would result from personal delivery of a notice to vacate to the tenant or a person residing at the premises or from personal delivery to the premises by affixing the notice to the inside of the main entry door, the landlord may deliver the notice by securely affixing to the outside of the main entry door a sealed envelope containing the notice and on which is written the tenant's name, address, and

"IMPORTANT DOCUMENT[.]" Tex. Prop. Code Ann. § 24.005 (f-1)(2). The trial court found that Fay discontinued residing in the property due to family violence, the Appellants are not tenants under a written lease or oral rental agreement, Fay was afraid of Ronnie and to enter the property, Fay placed a notice to vacate on the outside of the front door on June 6, 2018, and Ronnie admitted that he received the notice to vacate that same day. The trial court concluded that the manner of notice was legally sufficient, and the mailing requirement became moot because Ronnie admitted to receiving actual notice.

The record shows that the Appellants filed an answer and a plea to the jurisdiction in the county court at law, in which they argued that the county court did not acquire subject matter jurisdiction from the justice court, which dismissed the suit for lack of jurisdiction because the property was not located in Precinct 1. The Appellants did not complain about the sufficiency of Fay's notice in their answer, which constitutes an appearance, and generally, the filing of any answer dispenses with the necessity of service of citation. *See* Tex. R. Civ. P. 121, 510.12; *see also Burrow v. Arce*, 997 S.W.2d 229, 246 (Tex. 1999). The Appellants also did not object when the trial court admitted the notice to vacate into evidence. While Ronnie testified that he did not receive a copy of the notice in the mail, he admitted that he

8

received the notice to vacate that was posted on the outside of his front door, and that he appeared in the justice court and contested being removed from the property.

Fay's testimony that she posted the notice on Ronnie's front door, together with the notice and Ronnie's testimony that he received the notice, are some evidence from which the county court could reasonably conclude that Ronnie received actual notice to vacate the property. *See Pitzner*, 106 S.W.3d at 727; *see also City of Keller*, 168 S.W.3d at 807. Based on this record, the court's conclusion that the manner of the notice was sufficient is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See Ellis*, 971 S.W.2d at 406–07.

In issue two, the Appellants also complain that Fay's petition in the justice court was facially defective because it failed to contain a description of the facts and grounds for eviction or a description of when and how notice to vacate was delivered as required by the Rules of Civil Procedure. *See* Tex. R. Civ. P. 510.3(a)(2), (3). We hold that the Appellants' argument lacks merit, because after Fay appealed, Fay's counsel filed a petition for forcible entry and detainer in the county court, which contains a description of the property, the facts and grounds for eviction, and when and how the notice to vacate was delivered. We overrule issue two. Having overruled each of the Appellants' issues, we affirm the trial court's judgment.

9

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 22, 2019
Opinion Delivered October 10, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.