**Dismiss and Opinion Filed April 28, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00422-CV**

**MAETZI MILLER, Appellant**
**V.**
**JEROD MILLER, Appellee**

**IN RE MAETZI MILLER, Relator**

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-21-02529**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Myers

Maetzi Miller appeals the district court's judgment granting Jerod Miller's motion for summary judgment on his suit for forcible entry and detainer. Maetzie contends the district court lacked jurisdiction to decide the case. We agree with Maetzie. We vacate the district court's judgment, and we dismiss the cause. We dismiss as moot Maetzie's petition for writ of mandamus.

## BACKGROUND

The parties were married in 2017, and on April 17, 2018, they purchased a house. The deed transferred title to "Jerod Miller, a Married Person." Maetzi

operated a Montessori school out of the house. Jerod later filed a petition for divorce in district court. In 2020, the district court signed a divorce decree pursuant to the parties' Rule 11 agreement. The decree awarded the house to Jerod but provided that Maetzi had "the right of first refusal to purchase the property and all improvements . . . on or before September 1, 2020 for $550,000." The decree provided that if Maetzi failed to purchase the house for $550,000 and close by September 1, 2020, then the property would remain appellee's "sole and separate property" and appellant would waive any interest in the property. Jerod had "the exclusive right to enjoy the use and possession of the premises until closing."

After the parties separated, Jerod had difficulty paying the mortgage on the house, and he asked Maetzi to move back in. According to Maetzi, in March 2020, Jerod threatened her with bodily injury and with a gun. Jerod was arrested and charged, and Maetzi obtained a protective order against him. The protective order required Jerod to remain at least 500 feet from Maetzi.

On April 17, 2020, Jerod filed an eviction action against Maetzi in the justice court. Maetzi did not answer, and the justice court signed a default judgment ordering that Jerod have and recover the premises from Maetzi. Maetzi appealed to the county court at law.

Meanwhile, Maetzi was attempting to purchase the house pursuant to the divorce decree. According to Maetzi, Jerod refused to sign any documents or to speak with the mortgage company, so the sale could not close. Problems with the

wording of the divorce decree also made it difficult for Maetzi to purchase the house. In the district court, Maetzi filed a motion for judgment nunc pro tunc to correct the language in the decree to correspond with the Rule 11 agreement. She also filed a petition for enforcement or clarification of the divorce decree, alleging that Jerod failed to comply with the orders concerning transfer of the house.

In the county court at law, where Jerod's eviction action was pending, Maetzi filed a motion to consolidate the eviction proceedings with the proceedings in the family district court. Maetzi also filed a motion to dismiss the eviction proceeding alleging the county court at law lacked jurisdiction because "[t]he right to immediate possession necessarily requires resolution of the title dispute and the Court does not have subject matter jurisdiction to determine title disputes."

On January 12, 2021, the judge of the county court at law signed an order transferring the eviction case to the district court. The eviction case was given a new cause number in the district court. On April 20, 2021, the district court signed an order granting Jerod's motion for summary judgment on the eviction action and ordering that Maetzi had thirty days to vacate the house. Maetzi appeals that judgment. She also filed a petition for writ of mandamus arguing the same issue.

## EVICTION ACTIONS

Justice courts have original jurisdiction over suits for forcible detainer and forcible entry and detainer, which are types of eviction suits. *See* TEX. GOV'T CODE ANN. § 27.031(a)(2); TEX. PROP. CODE ANN. § 24.004(a). "A person commits a

forcible entry and detainer if the person enters the real property of another without legal authority or by force and refuses to surrender possession on demand." TEX. PROP. CODE ANN. § 24.001(a).

"Under Chapter 24 [of the Property Code], justice courts have exclusive jurisdiction to hear eviction cases." *See Wreh v. Gianotos*, No. 05-19-01213-CV, 2021 WL 2548708, at *6 (Tex. App.—Dallas June 22, 2021, pet. denied) (mem. op.) (citing *Norvelle v. PNC Mortgage*, 472 S.W.3d 444, 446 (Tex. App.—Fort Worth 2015, no pet.)); PROP. § 24.004 (providing that justice courts have jurisdiction over eviction suits). However, when the right to immediate possession necessarily requires resolution of a title dispute, the justice court has no jurisdiction to enter a judgment. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). County courts at law have appellate jurisdiction over eviction actions, but their appellate jurisdiction is confined to the jurisdictional limits of the justice court. *Id.* at 708. District courts have jurisdiction to resolve issues of title. *Id.* at 709. But a district court has no jurisdiction to determine the immediate right to possession of real property. *Laredo Jet Center, LLC v. City of Laredo*, No. 04-17-00316-CV, 2018 WL 3551255, at *2 (Tex. App.—San Antonio July 25, 2018, pet. denied) (mem. op.) ("We conclude the trial court [a district court] lacked jurisdiction to determine the issue of immediate possession and therefore vacate the portion of the trial court's judgment ordering Laredo Jet to vacate the leased premises.").

The only issue before the district court in this case was whether Maetzi should be evicted from the property, which is a determination of whether Maetzi had a right to immediate possession of the property. By granting Jerod's motion for summary judgment and ordering Maetzi to vacate the premises, the district court determined that Maetzi had no right to immediate possession of the property. The district court had no jurisdiction to make this determination. *See id.*

We sustain Maetzi's issue on appeal, vacate the district court's April 20, 2021 order granting Jerod's motion for traditional and no evidence summary judgment, and dismiss the cause for lack of subject matter jurisdiction. *See Dallas Cty. Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied) ("If the trial court lacked jurisdiction, then an appellate court only has jurisdiction to set the judgment aside and dismiss the cause."). We dismiss Maetzi's petition for writ of mandamus as moot.

/Lana Myers//

210422f.p05
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAETZI MILLER, Appellant

No. 05-21-00422-CV        V.

JEROD MILLER, Appellee

On Appeal from the 303rd Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-21-02529. Opinion delivered by Justice Myers. Justices Carlyle and Goldstein participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's April 20, 2021 order granting plaintiff Jerod Miller's motion for traditional and no evidence summary judgment, and we **DISMISS** the cause for lack of subject matter jurisdiction.

We **ORDER** that appellant Maetzi Miller recover her costs of this appeal from appellee Jerod Miller.

Judgment entered this 28th day of April, 2022.