**AFFIRMED; Opinion Filed January 15, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01337-CV

**TINA MILES, Appellant**
**V.**
**J.P. MORGAN CHASE BANK, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-05404-E**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Myers

Tina Miles appeals the trial court's judgment awarding possession of real property to J.P.

Morgan Chase Bank in this forcible detainer suit. Miles contends the trial court erred by not

awarding her possession of the house under the federal Protecting Tenants at Foreclosure Act

(PTFA).[1] We affirm the trial court's judgment.

## BACKGROUND

On August 7, 2012, J.P. Morgan purchased the property at issue in this case at a

foreclosure auction. On April 25, 2013, J.P. Morgan sent a letter to the occupants of the property

demanding they vacate the property. When Miles did not vacate, J.P. Morgan brought suit for

---

[1] Pub. L. No. 111–22, §§ 701, 702, 123 Stat. 1632, 1660–61 (2009); 12 U.S.C. § 5220 note.

forcible detainer in justice court. The justice court awarded J.P. Morgan possession of the property. Miles appealed to the county court at law.

At the trial in the county court at law, J.P. Morgan presented evidence of the deed of trust, the foreclosure of the property, J.P. Morgan's purchase of the property at the foreclosure auction, and the notice to vacate. Miles testified she had a lease with Roy Mitchell for ten years at $500 per month or until she could obtain financing to purchase the property. She also testified she stopped paying rent at Mitchell's suggestion when the foreclosure process started. She testified she had not paid any rent for over a year. Miles did not offer the written lease into evidence, and the lease was not made part of the record. The trial court stated at the hearing, "I'm not going to find that a 10-year lease is a bona fide lease . . . ." At the conclusion of the hearing, the trial court awarded possession of the property to J.P. Morgan. Miles did not request that the trial court make findings of fact and conclusions of law.

## FORCIBLE DETAINER

A forcible detainer action is a procedure to determine the right to immediate possession of real property where there was no unlawful entry. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title. *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936); *Rice*, 51 S.W.3d at 709. To maintain simplicity, the applicable rule of procedure provides that "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746. Accordingly, the only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Rice*, 51 S.W.3d at 709. Whether a sale of property under a deed of trust is invalid may not be determined in a forcible detainer action but must be brought in a separate suit. *Scott*, 90 S.W.2d at 818; *Rice*, 51 S.W.3d at 710 (quoting *Scott*).

Miles argues that under the PTFA, she was entitled to keep possession of the property through the end of the term of her lease. The PTFA provides two different types of protection to "bona fide tenants" of residential property after a foreclosure sale. First, "the successor in interest in such property pursuant to the foreclosure" must provide a bona fide tenant ninety days' notice before requiring the tenant to vacate. *See* Pub. L. No. 111-22, § 702(a)(1), (2), 123 Stat. 1632, 1661; 12 U.S.C. § 5220 note. Second, if a "bona fide lease" was entered into before the notice of foreclosure, then the lease is not terminated, and the successor in interest takes the property subject to the tenant's rights under the lease to occupy the premises until the end of the remaining term of the lease. § 702(a)(2)(A), 123 Stat. at 1661. The only exception is if the successor in interest sells the property to a purchaser who will occupy the premises as his primary residence. In that situation, the successor in interest may terminate the lease on the day of the sale but must still provide the tenant ninety days' notice to vacate. § 702(a)(2)(A), 123 Stat. at 1661.

Oral statements by the trial court do not constitute findings of fact and conclusions of law, and the court of appeals may not look to the trial court's oral comments as being a substitute for findings of fact and conclusions of law. *In re W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984) (per curiam). When a trial court makes no separate findings of fact or conclusions of law, we must draw every reasonable inference supported by the record in favor of the trial court's judgment. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 815 (Tex. App.—Dallas 2008, no pet.). We imply all findings of fact necessary to support the judgment that are supported by the evidence. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). "[T]he judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence." *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex. 1977), *overruled on other grounds, Cherne Indus.,*

*Inc. v. Magallanes*, 763 S.W.2d 768 (Tex. 1989); *Hollingsworth*, 274 S.W.3d at 815. Nonetheless, in cases in which the appellate record includes the reporter's record, the trial court's implied fact findings are not conclusive and may be challenged for legal and factual sufficiency of the evidence supporting them. *Gainous v. Gainous*, 219 S.W.3d 97, 103 (Tex. App.— Houston [1st Dist.] 2006, pet. denied).

In evaluating the legal sufficiency of the evidence to support a finding, we must determine whether the evidence as a whole rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P.*, 234 S.W.3d 726, 736 (Tex. App.—Dallas 2007, pet. denied). We view the evidence in the light favorable to the finding, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). To evaluate the factual sufficiency of the evidence to support a finding, we consider all the evidence and set aside the finding only if the evidence supporting it is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Young v. Young*, 168 S.W.3d 276, 281 (Tex. App.—Dallas 2005, no pet.). We review implied legal conclusions de novo. *Bob Montgomery Chevrolet, Inc. v. Dent Zone Cos.*, 409 S.W.3d 181, 187 (Tex. App.—Dallas 2013, no pet.); *Turner v. Mullins*, 162 S.W.3d 356, 364 (Tex. App.— Fort Worth 2005, no pet.). In a bench trial, it is for the court, as the trier of fact, to judge the credibility of the witnesses, assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony. *Young*, 168 S.W.3d at 281.

Miles argues the trial court erred by stating she was not a bona fide tenant because of the length of the lease. The PTFA describes the term "bona fide lease or tenancy" as follows:

> For purposes of this section, a lease or tenancy shall be considered bona fide only
> if—

–4–

(1) the mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant;

(2) the lease or tenancy was the result of an arms-length transaction; and

(3) the lease or tenancy requires the receipt of rent that is not substantially less than fair market rent for the property or the unit's rent is reduced or subsidized due to a Federal, State, or local subsidy.

Pub. L. 111-22, § 702(b), 123 Stat. at 1661. The PTFA does not state that the length of a lease is a factor for determining whether a lease is a bona fide lease or tenancy under the PTFA. However, the trial court's statement at trial about the lease not being a bona fide lease because of its ten-year term cannot substitute for written findings of fact and conclusions of law. *In re W.E.R.*, 669 S.W.2d at 716. Because Miles did not request and the trial court did not make findings of fact and conclusions of law, we must uphold the trial court's judgment on any legal theory supported by the evidence. *Worford*, 801 S.W.2d at 109.

In this case, the only evidence of Miles's lease is her testimony about the lease. The written lease itself was not offered or admitted into evidence. Miles testified she had been paying rent of $500 per month until Mitchell told her to stop paying rent. After that, she paid no rent for over a year. From this evidence, the trial court could conclude the lease was not a bona fide lease or tenancy under the PTFA because Mitchell had not been requiring the payment of rent. Therefore, Miles's tenancy was for rent that was substantially less than fair market rent for the property. *See* Pub. L. 111-22, § 702(b)(3), 123 Stat at 1661. We conclude the evidence is sufficient to support the trial court's implied finding that Miles's lease was not a bona fide lease or tenancy. Miles has not shown the trial court erred by determining that J.P. Morgan was entitled to immediate possession of the property. We overrule Miles's issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

      /Lana Myers/
      LANA MYERS
131337F.P05      JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Tina Miles, Appellant

No. 05-13-01337-CV          V.

J.P. Morgan Chase Bank, Appellee

On Appeal from the County Court at Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-13-05404-E.
Opinion delivered by Justice Myers. Justices Bridges and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee J.P. Morgan Chase Bank recover its costs of this appeal from appellant Tina Miles.


Judgment entered this 15th day of January, 2015.