**AFFIRMED; Opinion Filed March 12, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00126-CV

**Sheik Tehuti, Appellant**
**V.**
**Trans-Atlas Financial, Inc., Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-06496-C**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Evans
Opinion by Justice Myers

Sheik Tehuti appeals the trial court's judgment awarding possession of certain property to Trans-Atlas Financial, Inc. Tehuti brings eleven issues contending the trial court erred by granting summary judgment for Trans-Atlas on its claim and Tehuti's counterclaims. We affirm the trial court's judgment.

### BACKGROUND

On December 22, 2003, Tehuti signed a deed of trust on a tract of land as security for a note for $49,500 payable to Trans-Atlas. The deed of trust stated that if the property was sold under the deed of trust, "Grantor [Tehuti] shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer." According to the substitute trustee's deed, Tehuti defaulted on the note, and the property was posted for foreclosure. Trans-Atlas purchased the

property at the substitute trustee's sale and received the substitute trustee's deed. Trans-Atlas delivered a letter to Tehuti and all other occupants of the property demanding they immediately vacate the property and turn over possession of the property to Trans-Atlas. The letter stated that if Tehuti and all other occupants did not vacate the property within three days, then a forcible detainer suit would be filed.

Trans-Atlas filed its suit for forcible detainer in the justice court on October 22, 2013. On November 15, 2013, the justice court rendered judgment for Trans-Atlas and awarded possession of the property to Trans-Atlas. Tehuti appealed the justice court's judgment to the county court at law. During the trial before the court, the trial court admitted into evidence the deed of trust, the substitute trustee's deed, and the notice to vacate. A witness for Trans-Atlas testified that Tehuti still occupied the premises. The county court at law rendered judgment of possession of the property to Trans-Atlas. Tehuti now appeals the judgment of the county court at law.

## PRO SE PARTIES

Tehuti is pro se before this Court. We liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

## FORCIBLE DETAINER

A forcible detainer action is a procedure to determine the right to immediate possession of real property where there was no unlawful entry. TEX. PROP. CODE ANN. § 24.002(a)(2) (West

2014); Tᴇx. R. Cɪv. P. 510.1;[1] *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title. *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (1936); *Rice*, 51 S.W.3d at 709. The trial court must adjudicate the right to actual possession of the property. Tᴇx. R. Cɪv. P. 510.3(e). All other claims, including questions of title, validity of a foreclosure, counterclaims, and suits against third parties are not permitted. *Id.* Those claims must be brought in separate suits. *Id.* Accordingly, the only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Rice*, 51 S.W.3d at 709. Whether a sale of property under a deed of trust is invalid may not be determined in a forcible detainer action but must be brought in a separate suit. *Scott*, 90 S.W.2d at 818; *Rice*, 51 S.W.3d at 710 (quoting *Scott*).

To prevail on its forcible detainer action, Trans-Atlas had to prove (1) it owned the property by virtue of a foreclosure sale deed, (2) Tehuti became a tenant at sufferance when the property was sold under the deed of trust, (3) Trans-Atlas gave Tehuti notice to vacate the premises, and (4) Tehuti refused to vacate the premises. *See Elwell v. Countrywide Home Loans, Inc.,* 267 S.W.3d 566, 568–69 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.); *see also* Pʀᴏᴘ. § 24.002 (West 2014).

A forcible detainer suit is brought in justice court. Pʀᴏᴘ. § 24.004(a) (West 2014). The decision of the justice court may be appealed to the county court. Tᴇx. R. Cɪv. P. 510.10(a). The appeal is by trial de novo, which is "a new trial in which the entire case is presented as if there had been no previous trial." Tᴇx. R. Cɪv. P. 510.10(c). In the county court, a party may "plead,

---

[1] Although rule of civil procedure 510 is titled "Eviction Cases," it states that it applies to suits "to recover possession of real property under Chapter 24, of the Texas Property Code," that is, forcible detainer and forcible entry and detainer lawsuits. Also, the property code states, "Eviction suits include forcible entry and detainer and forcible detainer suits." *See* Tᴇx. Pʀᴏᴘ. Cᴏᴅᴇ Aɴɴ. § 24.004(a) (West 2014).

prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal." TEX. R. CIV. P. 510.11.

## Standard of Review

Each of Tehuti's eleven issues contends the trial court "erred in granting summary judgment." Tehuti states in his "Annexed Appellant's Brief" that Trans-Atlas filed a motion for summary judgment. However, the record does not show that Trans-Atlas moved for summary judgment. Instead, the record shows the case was tried on the merits in a trial before the court. It was not resolved by summary judgment. Tehuti did not attend the trial; a person identifying herself as "the notary for Mr. Tehuti" told the trial court that Tehuti was sick.

The parties did not request findings of fact and conclusions of law, and the trial court did not make findings of fact and conclusions of law. When no findings of fact and conclusions of law were requested or filed, it is implied that the trial court made all findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.—Dallas 2004, no pet.). The judgment will be upheld on any legal theory that finds support in the evidence. *Niskar*, 136 S.W.3d at 754.

We review the implied findings of fact for legal and factual sufficiency, and we review the trial court's implied legal conclusions de novo. *In re M.P.B.*, 257 S.W.3d 804, 808 (Tex. App.—Dallas 2008, no pet.). When addressing a legal sufficiency challenge, we view the evidence in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). In a factual sufficiency review, we view all the evidence in a neutral light and set aside the finding only if the finding is

so contrary to the overwhelming weight of the evidence such that the finding is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 842 (Tex. App.—Dallas 2011, no pet.).

### Tehuti's Issues

In his first[2] and second issues, Tehuti contends the underlying foreclosure was unlawful because Trans-Atlas failed to establish a valid chain of title, failed to establish that Tehuti was in default, and failed to establish it was the valid holder of the note. The validity of a foreclosure sale may not be determined in a suit for forcible detainer but must be brought in a separate suit. TEX. R. CIV. P. 510.3(e); *Scott*, 90 S.W.2d at 818–19; *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). Defects in the foreclosure process or with Trans-Atlas's title are not relevant in the suit before us. *See Williams*, 315 S.W.3d at 927.

At the trial, Trans-Atlas presented evidence (1) it owned the property by virtue of a foreclosure sale deed, that is, the substitute trustee's deed; (2) Tehuti became a tenant at sufferance when the property was sold under the deed of trust; (3) Trans-Atlas gave Tehuti notice to vacate the premises; and (4) Tehuti refused to vacate the premises. This evidence, uncontroverted by any evidence from Tehuti, entitled Trans-Atlas to judgment for possession of the property. *See Elwell*, 267 S.W.3d at 568–69. It was not necessary for the trial court to determine whether the foreclosure was valid before awarding possession to Trans-Atlas. *Id.* at 569.

We conclude the evidence was sufficient to support the trial court's judgment awarding possession of the property to Trans-Atlas. Any defects in the foreclosure of the property or in

---

[2] Tehuti's first issue states, "The trial court erred in granting Trans-Atlas Financial's motion for summary judgment on its foreclosure action." However, Trans-Atlas did not bring a "foreclosure action" in this lawsuit.

Trans-Atlas's title to the property do not affect the validity of the trial court's judgment in this case. We overrule Tehuti's first two issues.

Tehuti's third through eleventh issues contend the trial court erred by granting summary judgment on Tehuti's counterclaims for common-law and statutory fraud, negligent misrepresentation, violations of the Texas Debt Collection Practices Act, violations of the Texas Deceptive Trade Practices–Consumer Protection Act, breach of contract, exemplary damages, declaratory judgment, and injunctive relief. Tehuti does not cite to any pleading in the record alleging these claims, and it does not appear from the record that he brought them in this case. *See* TEX. R. APP. P. 38.1(i) (argument in appellant's brief must contain appropriate citations to the record). However, even if he did attempt to bring them in this case, except for claims for damages incurred during the pendency of the appeal in county court, counterclaims are not permitted in suits for forcible detainer but must be brought in separate suits. TEX. R. CIV. P. 510.3(e), 510.11. The claims Tehuti asserts in his brief were not for damages incurred during the pendency of the appeal in county court. Therefore, to the extent Tehuti actually brought any counterclaims in this case and that the trial court denied them, we conclude the court did not err by denying those claims. We overrule Tehuti's third through eleventh issues.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS

140126F.P05                                                   JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

Sheik Tehuti, Appellant

No. 05-14-00126-CV      V.

Trans-Atlas Financial, Inc., Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-13-06496-C.
Opinion delivered by Justice Myers. Chief Justice Wright and Justice Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Trans-Atlas Financial, Inc. recover its costs of this appeal from appellant Sheik Tehuti.

Judgment entered this 12th day of March, 2015.