ACCEPTED
02-17-00052-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
12/19/2017 4:23 PM
DEBRA SPISAK
CLERK

No. 02-17-00052-CV

IN THE COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH, TEXAS

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

12/19/2017 4:23:02 PM

DEBRA SPISAK
Clerk

TAKESHA DUNLAP
*Appellants*,

v.

BEAULY, LLC
*Appellee.*

ON APPEAL FROM
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY TEXAS
THE HONORABLE DON PIERSON, PRESIDING JUDGE
CAUSE NO. 2017-000378-1

APPELLEE'S BRIEF

Keith A. Wolfshohl
SBN: 24047135

BARRY & SEWART, PLLC
4151 Southwest Freeway
Suite 680
Houston, Texas 77027
Tel: (713) 722-0281
Fax: (713) 722-9786
*Attorneys for:*
BEAULY, LLC

# IDENTITIES OF PARTIES

| | |
|---|---|
| <u>Appellants</u> | <u>Appellants' Counsel</u> |
| Takesha Dunlap | Pro Se |

| | |
|---|---|
| <u>Appellee</u> | <u>Appellee's Counsel</u> |
| Beauly, LLC | Keith A. Wolfshohl |
| | Anna C. Sewart |
| | David W. Barry |
| | Nicholas M. Frame |
| | Austin R. DuBois |

BARRY & SEWART, PLLC
4151 Southwest Freeway
Suite 680
Houston, Texas 77027

# TABLE OF CONTENTS

Identities of Parties................................................................................................ii

Table of Contents....................................................................................................iii

Table of Authorities.............................................................................................. iv

Statement of the Case............................................................................................ 1

Statement of the Facts .......................................................................................... 2

Statement Regarding Oral Argument.................................................................... 2

Summary of the Argument.....................................................................................3

Argument ............................................................................................................... 4

    A.    Introduction ...............................................................................................4

    B.    Nature of a forcible Detainer Action.........................................................4

    C.    Response to Issues Presented .....................................................................5

        Response to Issue One: The Justice Court had jurisdiction to
        determine the right of immediate possession. ........................................5

        Response to Issue Two: The trial court properly tried the case
        despite the fact the Appellant filed a Motion for Summary Judgment. ............ 12

    D.    Conclusion ............................................................................................... 14

    E.    Prayer ...................................................................................................... 15

Certificate of Compliance.................................................................................... 16

Certificate of Service ........................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Brittingham v. Fed. Home Loan Mortg. Corp.*,
2013 Tex.App. LEXIS 10624 (Tex.App.—Fort Worth 2013) .............................. 15

*Brittingham v. Fed. Home Loan Mortg. Corp.*,
2013 Tex.App. LEXIS 10624 (Tex.App.—Fort Worth, 2013) ............................ 16

*Crumpton v. Stevens*, 936 S.W.2d 473 (Tex. App.—Fort Worth 1996) .................. 13

*Deubler v. Bank of N.Y. Mellon*,
2017 Tex. App. LEXIS 4805 (App.—Fort Worth May 25, 2017) ....................... 12

*Fields v. Varrichio*,
2015 Tex.App. LEXIS 10221 (Tex.App.—Fort Worth 2015) .............................. 13

*Herrera v. Bank of Am., N.A.*,
2016 Tex. App. LEXIS 7185 (Tex.App.—Texarkana 2016) ................................. 16

*Hossain v. Fannie Mae*,
2015 Tex. App. LEXIS 6041 (Tex.App.—Houston [14th Dist.] 2015). .............. 13

*Marshall v. Hous. Auth.*, 198 S.W.3d 782 (Tex. 2006) ................................................9

*Murphey v. Countrywide Home Loans, Inc.*,
199 S.W.3d 441 (Tex.App.—Houston[1st] 2006) ................................................. 15

*Olaoye v. Wells Fargo Bank, N.A.*,
2012 Tex. App. LEXIS 4946 (App.—Fort Worth 2012).........................................9

*Payne v. Highland Homes, Ltd.*,
2016 Tex. App. LEXIS 6987 (App.—Fort Worth June 30, 2016) ........................ 17

*Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988)................................... 18

*Reardean v. Fed. Home Loan Mortg. Corp.*,
2013 Tex. App. LEXIS 10111 (Tex.App.—Austin 2013).................................... 14

*Rice v. Pinney*, 51 S.W.3d 705 (Tex. App.—Dallas 2001) ........................9, 13, 14, 15

*State Bar of Tex. v. Gomez*, 891 S.W.2d 243 (Tex. 1994) ................................... 10, 11

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) ...................................................................... 11

*Wade v. Household Fin. Corp. III*,
2016 Tex. App. LEXIS 1914 (Tex. App.—Texarkana Feb. 25, 2016) ................. 14

**Statutes**

TEX. GOV'T CODE ANN. § 27.031 ............................................................ 13

TEX. PROP. CODE § 24.004 .................................................................... 12

**Rules**

TEX. R. APP. P. 38.1 ............................................................................... 17

TEX. R. CIV. P. 166a ............................................................................. 18

TEX. R. CIV. P. 510.3(e) .......................................................................... 9

# STATEMENT OF THE CASE

This is a forcible detainer action. Beauly, LLC, (hereinafter "Appellee") sued Takesha Dunlap and all other occupants, (hereinafter "Appellant"), to obtain possession of the property located at 705 Champion Way, Mansfield, Texas (hereinafter "Property"). (CR 5 et seq.). The Property is legally described as:

> LOT 3, BLOCK 3 OF MANSFIELD NATIONAL, SECTION B, PHASE II, AN ADDITION TO THE CITY OF MANSFIELD, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, SLIDE 8078, PLAT RECORDS, TARRANT COUNTY, TEXAS.

On December 20, 2016, the Justice Court awarded possession of the Property to Appellee. Appellant subsequently appealed to the Tarrant County Court at Law 1 of Tarrant County for a trial de novo.

On February 10, 2017, judgment was rendered once again awarding possession of the Property to Appellee by the Tarrant County Court at Law. (CR 81-82). Appellant subsequently appealed the decision to this Court. (CR 83-86).

## STATEMENT OF THE FACTS

Beauly, LLC (hereinafter "Beauly" or "Appellee") purchased the Property, at a valid foreclosure sale conducted on June 3, 2014. (CR 12). Under the foreclosed deed of trust, Appellant is a tenant-at-sufferance. (CR 20-21). Appellee, demanded Appellant to vacate the property pursuant to the Texas Property Code. (CR 26-28). Despite receiving demand for possession, Appellant continues to reside at the property as tenant-at sufferance.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee believes the issues are not so complex as to warrant oral argument and oral argument would only exacerbate costs associated with the forcible detainer. Therefore, oral argument is not requested. However, if the Court requests oral argument, Appellee respectfully requests to be heard.

## SUMMARY OF THE ARGUMENT

The Justice Court had jurisdiction to determine possession. The County Court at Law had jurisdiction when the Appellant appealed the case for trial de novo. This court has jurisdiction to decide the matter on Appeal.

The Justice Court had original jurisdiction since the foreclosed deed of trust created a tenancy upon foreclosure, and the justice court did not have to decide issues of title to determine the right of immediate possession. A purchaser at a foreclosure sale is not required to prove the foreclosure was conducted in conformity with the terms of the note or deed of trust to be entitled to immediate possession of the property.

While Appellant has not complied with the briefing requirements for her second issue and therefore waived the argument, Appellant was not entitled to summary judgment in the county court since the timing requirements for a motion for summary judgment were not met.

# ARGUMENT

## A.  INTRODUCTION

Appellant's Brief is little more than cobbled together snippets of other documents with no clear argument or reasoning. Appellant is arguing that an irregularity in the foreclosure divests the justice court, and county court at law on appeal (and ultimately this Court), of jurisdiction to try the forcible detainer. Appellant cites no authority in support of her position. The Justice Court, the County Court, and this Court have and continue to have jurisdiction to determine the right of immediate possession without resorting to title.

## B.  NATURE OF A FORCIBLE DETAINER ACTION

"A forcible detainer action is intended to be speedy, simple, and inexpensive means for resolving the question of the right to immediate possession of premises." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *Marshall v. Hous. Auth.*, 198 S.W.3d 782, 787 (Tex. 2006). The only issue in an action for forcible detainer is the right to actual possession, and the merits of title shall not be adjudicated. TEX. R. CIV. P. 510.3(e). "[A]ny defects in the foreclosure process or the purchaser's title to the property may not be considered in a forcible detainer action." *Olaoye v. Wells Fargo Bank, N.A.*, No. 02-11-00263-CV, 2012 Tex. App. LEXIS 4946, at *5 (App.—Fort Worth 2012, No. Pet.) Those defects may be

pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in a forcible detainer action. *Id*.

## C. RESPONSE TO ISSUES PRESENTED

*Response to Issue One: The Justice Court had jurisdiction to determine the right of immediate possession.*

Appellant erroneously contends that the trial court lacked jurisdiction to determine the right of possession because of an alleged irregularity in the foreclosure. Appellant believes the trustee was not properly appointed to conduct the foreclosure. Appellant filed a pleading entitled "Notice and Demand for a Definite Statement of Allegation of Bona Fide Jurisdiction" wherein she demanded Beauly, LLC (hereinafter "Beauly" or "Appellee") prove the trial court had jurisdiction to try the forcible detainer. [1] Appellant attacks the trial court's jurisdiction because she claims there are irregularities in the foreclosure. The justice court, and county court upon appeal, had jurisdiction to try the case because BeaulyAppellee 1.) had standing to bring the suit, 2.) the suit was filed in the justice court in the county in which the property lies, and 3.) the deed of trust created a tenancy-at-sufferance upon foreclosure.

"Subject matter jurisdiction requires that the party bringing the suit have standing, that there [exists] a live controversy between the parties, and that the case

---

[1] Because Appellant is a pro se defendant, her motions and pleadings may be read liberally.

be justiciable." *State Bar of Tex. v. Gomez*, 891 S.W.2d 243 (Tex. 1994). Before a court may address the merits of any case, the court must determine at its earliest opportunity whether it has the constitutional or statutory authority to proceed. See *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004). The court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the judgment, and capacity to act as a court. *Gomez*, 891 S.W.2d at 245. "Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law." *Miranda*, 133 S.W.3d at 226. "However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, [the court] consider[s] relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Id*. at 227. Appellant filed no evidence with her motion, but Appellee provided evidence of the jurisdiction when it filed its petition.

In the forcible detainer petition, Appellee pled that it was the owner of the subject Property having purchased it at a nonjudicial foreclosure sale, evidenced by a Deed from the Substitute Trustee following the foreclosure sale. (CR 5-6, 14-25). Appellee attached a notarized copy of the Substitute Trustee's Deed (CR 12-13) to the pleadings with a notarized statement of facts (CR 8) and filed copies of notices

demanding Appellant vacate the property. (CR 26-28). Beauly further pled that pursuant to the provisions of the Deed of Trust, Appellant was required to surrender possession of the Property to Appellee but had failed to vacate after proper notice was given. (CR 6). Additionally, Appellee pled that Appellant was a resident of Tarrant County within the precinct of the justice court (CR 5).

Jurisdiction to hear a forcible detainer action is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court at law for trial de novo. *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.— Dallas 2001, no pet.); see TEX. PROP. CODE ANN. § 24.004 (West 2000) The property in question lies within the justice court's territorial jurisdiction. Therefore, the justice court was the proper court in which to bring the forcible detainer suit.

Appellee has standing in this case because it was deeded the property through the trustee's deed. Appellee is not required to prove title, but is required to prove that it has a greater right of immediate possession. *Deubler v. Bank of N.Y. Mellon*, N2017 Tex. App. LEXIS 4805, at *4 (App.—Fort Worth May 25, 2017, Pet. Den'd.)(mem. op.) The trustee's deed and deed of trust, both included with the original petition, establishes Beauly's standing in this case.

A justiciable dispute between the parties exists because Beauly demanded possession of the property, but Appellant failed to vacate the property after

possession was demanded. Because both parties contest possession of the property, a justiciable suit exists.

Appellant's argument that the foreclosure was invalid cannot be considered by the trial court. To raise such an argument is to question the validity of the foreclosure—a scope of inquiry outside the jurisdiction of the justice court. "Courts of appeals consistently have allowed forcible detainer actions to proceed based on a tenancy at sufferance clause in a deed of trust without regard to whether the party seeking possession complied with the terms of the deed of trust." *Hossain v. Fannie Mae*, No. 14-14-00273-CV, 2015 Tex. App. LEXIS 6041 (Tex. App.—Houston [14th Dist.] June 6, 2015, pet. dism'd w.o.j.). As this Court has noted in previous cases, "[t]he eviction proceedings below involved the adjudication of only who has the superior right to immediate possession and not of who holds title to the property, whether [the bank] violated any duty or law by foreclosing on the property, whether the foreclosure was proper, or who ultimately has the right of possession." *Fields v. Varrichio*, No. 02-15-00060-CV, 2015 Tex. App. LEXIS 10221, at * 4 (App.—Fort Worth Oct. 1, 2015, no pet.).

Justice courts have original jurisdiction to determine the right of possession through a forcible detainer. TEX. GOV'T CODE ANN. § 27.031(a)(2), (b)(4) (West Supp. 2015). It is only when a justice court must determine title before determining the right of possession does the justice court lose jurisdiction to hear a forcible

detainer. See *Rice*, 51 S.W.3d at 708 (citing *Crumpton v. Stevens*, 936 S.W.2d 473, 476 (Tex. App.—Fort Worth 1996, no writ)); see *Wade v. Household Fin. Corp. III*, No. 06-15-00074-CV, 2016 Tex. App. LEXIS 1914 (Tex. App.—Texarkana Feb. 25, 2016, no pet.) (mem. op.). However, if a foreclosed deed of trust creates a landlord-tenant relationship upon foreclosure, the justice court has an alternative method of determining the right of immediate possession without resorting to issues of title. *Reardean v. Fed. Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 Tex. App. LEXIS 10111 (Tex.App.—Austin Aug. 14, 2013, no pet)(mem. op.); *Rice*, 51 S.W.3d at 709, 713.

Appellant seems to assert that the foreclosure was invalid and that Beauly was required to prove the foreclosure was conducted in compliance with the Deed of Trust. However, the argument is an attempt to put an additional elemental burden on the Appellee on a matter the trial court cannot consider—title to property. Appellant's argument would require the trial court to determine whether the foreclosing lender complied with the terms of the Deed of Trust when it foreclosed, thus determining if the title is valid. This is outside the scope of the justice court's jurisdiction.

Ultimately, Appellant's argument is that Appellee is not entitled to possession merely because she raises a claim that the foreclosure was not conducted properly. She is free to make this argument in a court of competent

jurisdiction in an effort to set aside the foreclosure sale. However, a forcible detainer suit it is not a proper venue to raise such issues when the foreclosed deed of trust creates tenancy-at-sufferance upon foreclosure. "Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer action" *Brittingham v. Fed. Home Loan Mortg. Corp.*, 2013 Tex.App. LEXIS 10624 (Tex.App.—Fort Worth 2013).

To prove a forcible detainer has occurred, a party must show 1) that it is the owner of the property, 2) that the opposing party is in possession of the property; 3) that a lien was foreclosed superior to the opposing party's right of possession; 4) that the party seeking possession made a sufficient written demand for the property and 5) that the opposing party refused to leave after the written demand. *See Rice, Murphey v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441 (Tex.App.—Houston[1st] 2006, pet. den'd).

Appellee showed the Trial Court that it was entitled to possession of the property by submitting the Substitute Trustee's Deed into evidence. (CR 12-13). Appellee also provided the trial court a copy of the Deed of Trust (CR 14-25). The Deed of Trust states:

> If the Property is sold [at foreclosure], Borrower or any person holding possession of the property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession. (CR 21).

As previously stated, any defects in the foreclosure process or with Appellee's title to the property may not be considered in a forcible detainer action. *U.S. Bank Nat'l Ass'n*, 266 S.W.3d at 625. There is no requirement that an owner must prove the foreclosure was conducted in conformity with the Deed of Trust or the Property Code in a forcible detainer suit. *Brittingham v. Fed. Home Loan Mortg. Corp.*, 2013 Tex.App. LEXIS 10624 (Tex.App.—Fort Worth, 2013).

Appellant makes the same argument made in *Herrera v. Bank of Am., N.A.*, No. 06-15-00081-CV, 2016 Tex. App. LEXIS 7185 (Tex.App.—Texarkana 2016). In *Herrera*, the appellant argued that the landlord's failure to prove the trustee was properly named as a substitute trustee, deprived the trial court with jurisdiction to try the forcible detainer. *Id.* at *7. The court rejected that argument because the foreclosed deed of trust contained a provision that created a landlord-tenant relationship upon foreclosure. *Id.* at *9.

The Justice Court and County Court on appeal had jurisdiction to try the forcible detainer suit. The Deed of Trust created tenancy at sufferance upon foreclosure. The property was foreclosed, Beauly was the highest bidder and a deed was given to Appellee. The suit was filed in the county in which the property sits and additionally within territorial jurisdiction of the justice court in which the suit was filed.

*Response to Issue Two: The trial court properly tried the case despite the fact the Appellant filed a Motion for Summary Judgment.*

"To present an issue to this court, a clear and concise argument for the contention made with appropriate citations to the authorities and record is necessary. Tex. R. App. P. 38.1(i). Bare assertions of error, without argument or authority, waive error." *Payne v. Highland Homes, Ltd.*, No. 02-14-00067-CV, 2016 Tex. App. LEXIS 6987, at *4 (App.—Fort Worth June 30, 2016). Appellant merely points the Court to the law which allows a party to file a motion for summary judgment and the purpose behind a motion for summary judgment. Appellant failed to brief the Court on why the trial court should have granted her motion for summary judgment. Appellant also failed to point to the record showing her motion for summary judgment was properly before the court. Consequently, Appellant waived the argument by failing to adequately brief the issue on appeal. Tex. R. App. P. 38.1(i). Appellee, without waiving the issue, will briefly respond as if the Appellant properly briefed the issue.

Appellant seems to assert that the trial court could not have proceeded to trial without first resolving her Motion for Summary judgment. Appellant's Brief at 16-18. Appellant has not pointed to any case law, statute or rule that holds the position that a Motion for Summary Judgment must be granted upon filing or must be decided before the court may proceed to trial.

Appellant has not alleged that she set the "Motion for Summary Judgment" for a hearing. To prevail on a motion for summary judgment, the movant must give the non-movant 21-day notice of a hearing or submission. Tex. R. Civ. P. 166a(c). A hearing was not scheduled on Appellant's Motions and therefore the "Motion for Summary Judgment"[2] was not properly before the court for consideration.

If the court granted the Appellant's motion upon filing, as Appellant alleges should have occurred, 's procedural due process rights would have been violated since it was not provided the requisite 21-day notice. See *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988). Notice must be given that is "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Id*. Appellee was not entitled to have the "Summary Judgments" heard without first providing notice to Appellee of the hearing on the "Summary Judgment" at least 21 days prior to the hearing.

---

[2] Appellant filed motions titled <u>Judicial Notice; In The Nature Of Writ Of Coram Non Judice & A Demand For Dismissal & Objection For Lack Of Jurisdiction</u> and <u>Judicial Notice; In The Nature Of Demand For Clerk's Entry 0f Default As To Plaintiff "Beauly, Llc,</u> (sic) and <u>Request Entry Of Default Judgment And Supporting Certification</u> and <u>Notice And Demand For Default Judgment</u>. Appellant filed said motions between February 6, 2017 and February 7, 2017, mere three to four days before the trial. It would have been improper for the Court to grant the summary judgment before the trial.

## D.    CONCLUSION

The trial court had jurisdiction in this case. The case was filed in the justice court in whose jurisdictional territory the property lies. Beauly has standing because it is the owner of the property and a justiciable controversy exists between the parties because Appellant refused to tender possession to Beauly upon demand.

Because the Deed of Trust created a landlord tenant relationship, an independent basis exists to determine possession without resorting to issues of title. The trial court could not and did not need to determine if the lender foreclosed properly before proceeding to trial. If the trial court was required to determine if the foreclosure was conducted pursuant to the Deed of Trust and laws of the State of Texas, it would be determining title to the Property which the trial court was denied jurisdiction to do. Therefore, the trial court properly awarded possession of the Property to the Appellee.

Appellant waived any argument she may have had regarding her motion for summary judgment when she failed to properly brief the issue to this Court. However, even if properly briefed, the trial court could not have granted the summary judgment prior to the trial because the Appellant did not provide 21-day notice that the motion for summary judgment would be considered by the Court.

E.  PRAYER

Wherefore premises considered, Appellee prays this Court find against

Appellant in all respects and uphold the decision of the Trial Court.

Respectfully submitted,

/S/ Keith A. Wolfshohl
Anna C. Sewart, SBN: 24029832
David W. Barry, SBN: 01835200
Keith A. Wolfshohl, SBN: 24047135
Nicholas M. Frame, SBN: 24093448
Austin R. DuBois, SBN: 24065170

BARRY & SEWART, PLLC
4151 Southwest Freeway
Suite 680
Houston, Texas 77027
Tel: (713) 722-0281
Fax: (713) 722-9786

*Attorneys for:*
BEAULY, LLC

# CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2016 and contains 3,051 words, as determined by the computer software's word-county function, excluding the sections of the document listed in TEX. R. APP. P. 9.4(i).

/S/ Keith A. Wolfshohl
Keith A. Wolfshohl

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Appellee's Brief was served upon the Appellant at the address listed below on this the 19
th day of December 2017.

Takesha Dunlap
705 Champion Way
Mansfield, Texas 76063

/S/ Keith A. Wolfshohl
Keith A. Wolfshohl